WILLIAM T. DUNHAM *vs.* FRANK S. COX.

First Judicial District, Hartford, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

It is not essential to a good complaint for the conversion of a stated sum of money in cash, that the precise bills or coin claimed to have been appropriated should be specifically described therein; a very general description of the property is ordinarily sufficient in such actions.

In the present case the complaint alleged that the plaintiff "delivered $1,850 in cash" to the defendant to be turned over to one *S* for a specified purpose, but that he had refused to pay it over to *S* and had fraudulently converted it to his own use. *Held* that the fair import of the language was not a loan, as contended by the defendant, but an understanding that the identical items of cash delivered to the defendant were to be paid over by him to *S*, until which the title was to remain in the plaintiff; and therefore that the complaint stated a good cause of action.

Declarations indicative of a present intention to do a particular act in the immediate future, if made in apparent good faith and not for self-serving purposes, are admissible as tending to corroborate evidence that the act itself was in fact performed.

The defendant testified that he had returned the money to the plaintiff. *Held* that evidence of his declaration, as he took a package of money out of the safe of a friend where he had left it, that he wanted it in order to return it to the person from whom he had received it, was properly admitted as a verbal act relevant to the main fact in issue.

The defendant complained in this court that other declarations made by him to other witnesses had been wrongfully excluded. *Held* that it was plain from the record that the trial court did not understand that the questions excluded—which were properly excluded for the purpose for which they were apparently asked

Dunham *v.* Cox.

—were merely preliminary to proving a declaration of an intent by the defendant to repay the plaintiff; and that had the evidence been claimed for that purpose it would doubtless have been admitted.

A trial judge is not bound to charge in the language of a request: it is enough if he substantially, and fully and clearly, complies therewith.

Submitted on briefs October 6th—decided October 27th, 1908

ACTION for the conversion of a sum of money entrusted to the defendant for payment to a third person, brought to the Superior Court in Hartford County where a demurrer to the substitute complaint was overruled (*Shumway, J.*) and the cause was afterward tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

The allegations of the complaint state the following case: The defendant represented to the plaintiff that he, the defendant, was the owner of a piece of land on which one Stevens held a mortgage amounting, with interest, to $1,850. The defendant desired the plaintiff to take over said mortgage by paying the amount due thereon to said Stevens. The plaintiff undertook to take up said mortgage, and agreed that upon paying the same he would accept a note of the defendant for the amount so paid, secured by a mortgage upon said land. In pursuance of said agreement the plaintiff delivered to the defendant $1,850 in cash, for the purpose of conveying and paying the same to said Stevens, as a consideration for the discharge of said mortgage, and for no other purpose. The defendant then undertook to convey and pay the money to said Stevens for the plaintiff, and for no other purpose, and as a receipt for the money, then placed in the plaintiff's hands the note which was thereafter to be secured by mortgage on said premises. The note was not accepted by the plaintiff for any other purpose. The defendant received the money for the purpose stated, but thereafter

refused to pay the same to said Stevens in satisfaction of the mortgage, and thereafter fraudulently appropriated the same to his own use, and refused to return the same to the plaintiff when demanded.

Upon the trial it was not disputed that $1,850 in cash was delivered by the plaintiff to the defendant for the purpose of paying the same to Stevens; but the defendant claimed that the money was loaned to him for that purpose, and that Stevens having refused to receive it and release the mortgage, the defendant thereupon repaid the money to the plaintiff.

The defendant appeals, alleging as errors the overruling of the demurrer, and the court's exclusion of evidence and its refusal to charge as requested.

*Leslie W. Newberry* and *Richard J. Goodman,* for the appellant (defendant).

*Albert C. Bill* and *Joseph P. Tuttle,* for the appellee (plaintiff).

THAYER, J. The demurrer was properly overruled. The claims are that cash, or money in general, without a particular description or means of identification, is not such a specific article of property as will sustain an action for the conversion thereof; and that it appears from the complaint that all title to, or property in, the cash delivered to the defendant, passed from the plaintiff at the time of delivery, so that there could have been no wrongful conversion thereof. If it were to be conceded that the first claim is correct, it would not be essential to a good complaint for conversion of the money, that the specific bills or coin constituting the sum claimed to be converted should be specifically described in the complaint. Under the complaint the plaintiff might prove the specific items of cash delivered to and claimed to have been converted

by the defendant. Ordinarily, in actions for conversion, only a very general description of the property—as a certain bay horse—is given. Practice Book (1908) p. 328. The identification is matter of proof.

It is the fair purport of the language of the complaint, that the identical items of cash delivered to the defendant were to be paid by him to Stevens under the agreement with the plaintiff, and that no title to the money passed to the defendant. It was delivered to him and received by him, as alleged, to be conveyed and paid by him to Stevens for the plaintiff, and for no other purpose; and the note was given and received as a receipt for the money, and for no other purpose. Upon these allegations it cannot be said, as contended by the defendant, that the transaction was a loan, and that the title to the money passed to him. The complaint, therefore, states a good cause of action.

In the defendant's brief upon which the case has been submitted, it is said that "upon the trial the defendant claimed that he had repaid to the plaintiff the money advanced by him. Testimony was offered on behalf of both plaintiff and defendant that the defendant deposited for safe-keeping, in a safe of a brother of the plaintiff's son-in-law, a package of money, and that this was withdrawn on July 22d, 1907, and that at the time of this withdrawal the defendant stated he wanted it in order to return it back where he got it from. The defendant testified, in substance, that immediately after taking said money from said safe, and while going from the rear of William H. Carrier's house, where said money was taken from said safe, to the rear of the plaintiff's residence, where it was paid to the plaintiff, he met one Horace T. Hollister and one Lewis Taylor, in a hay wagon at the rear of said William H. Carrier's house, and had certain conversation with them. The defendant claimed this conversation, (1) to establish the particular day and time when Mr. Hol-

lister and Mr. Taylor saw the defendant on his way to the plaintiff's residence; (2) as *res gestæ*, and as relevant evidence showing the defendant's plan to then pay back the amount in question, and illustrative of the defendant's conduct in going to plaintiff's residence immediately after taking this money from its place of deposit." The record shows that the defendant was asked whether, at this meeting, he had a conversation with Hollister, and that Hollister, having testified that there was a conversation, was asked whether it related to the defendant's business, and that upon objection this evidence was excluded. These are the rulings which are excepted to and are referred to in the defendant's brief.

The defendant treats the questions as if they called for declarations made by him indicating at the time a plan or intention to go to the plaintiff and repay the money. Such declarations, if made under circumstances warranting no inference that they were made for self-serving purposes, would be admissible as bearing upon the probability of the disputed fact that he shortly after returned the money to the plaintiff. If he then had a genuine intention to proceed to the plaintiff's house and pay him, there would be a presumption that the intent continued. The fact that he then entertained such plan or intention was a fact relevant to the disputed fact that the payment was made. It would be admissible, not as a part of the *res gestæ*, but as a fact relevant to a fact in issue. The fact that he had such an intention could be proved by his acts and conduct. His declarations at the time, if genuine, would be verbal acts admissible upon that question. *Spencer's Appeal*, 77 Conn. 638, 641, 50 Atl. 797; *Vivian's Appeal*, 74 Conn. 257, 261, 60 Atl. 289; *Mills v. Swords Lumber Co.*, 63 Conn. 103, 108, 26 Atl. 689. But the question asked the defendant was merely a preliminary question—whether there was a conversation—and that asked Hollister called not for any declaration made by the de-

fendant, but for the witness' conclusion as to whether the conversation related to the defendant's business. The record shows that there was no claim that it was proposed to supplement them by questions calling for declarations showing a plan or intention on the part of the defendant to repay the plaintiff. When asked by plaintiff's counsel, "Do you claim there was any conversation relative to this money, that he was going over to Mr. Dunham's with this money," the defendant's counsel made no such claim. The defendant, as shown in his brief, was allowed to testify that when, a few moments before, he had taken the money from the safe, he stated his intention to be to return it where he got it. It is plain .from the record that the court did not understand that the evidence was preliminary to proving a declaration of an intent to repay the plaintiff. Had it been claimed for that purpose, it would doubtless have been admitted as the earlier one was. It was claimed only as *res gestæ* and as fixing the time. So far as appears there was no issue between the parties as to the day on which the money was taken from the safe, and the answers called for by the questions could in no way throw light upon any fact in issue between the parties. The evidence was not admissible for either of the purposes for which it was offered.

The fourth and fifth assignments of error relate to the court's refusal to charge as requested by the defendant.

The fifth assignment is not mentioned in the brief, and we consider it waived.

The request referred to in the fourth assignment related to the burden of proof. The court did not charge in the language of the request, and was not bound to do so; but in substance it charged clearly and fully, as requested by the defendant, that the burden was upon the plaintiff to prove not only that the title to the money remained in the plaintiff while it was in Cox's possession, but that

it had not been repaid, and that Cox had wrongfully appropriated it to his own use.

There is no error.

In this opinion the other judges concurred.