RALPH CASALO *v.* ANGELO E. CLARO

BALDWIN, C. J., KING, MURPHY and SHEA, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued June 9—decided July 6—reargued October 4—
amended opinion filed November 1, 1960

*Philip H. Smith*, for the appellant (plaintiff).

*Edwin H. Hall,* with whom, on the brief, was *Ivan A. Hirsch,* for the appellee (defendant).

KING, J. A station wagon owned and operated by the plaintiff collided with a motor vehicle operated by the defendant. The accident took place in or near the intersection of Brookside Drive and the Boston Post Road in Darien at about 8 o'clock on the morning of December 11, 1956. The plaintiff seeks recovery of damages for injuries to his person and to his station wagon, claimed to have been caused by the defendant's negligence. The jury rendered a verdict for the defendant and the court refused to set it aside. The plaintiff has appealed from the judgment.

The plaintiff's only assignments of error relate to two rulings on evidence. Both rulings were made during cross-examination of the defendant, who in his direct testimony had given his version of the circumstances of the collision. The defendant, in response to questions, testified that he had discussed the case within his family but not with anyone outside the family except his attorneys. He was then asked whether at any time he had admitted that he was in any way at fault in connection with the accident. He objected but assigned no ground. The plaintiff claimed the question but assigned no ground. The jury were excused and in their absence some further colloquy occurred, the nature of which is not disclosed in the finding. The defendant then renewed his general objection to the question and the court sustained the objection.

A ruling on evidence must be tested by the finding. Practice Book § 405; *Facey* v. *Merkle,* 146 Conn. 129, 131, 148 A.2d 261. Since the defendant's objection was general and the plaintiff assigned no ground of

claimed admissibility, the question is presented as to whether the exclusionary ruling was erroneous and properly reviewable under the provisions of Practice Book § 155, the material portions of which are quoted in the footnote.[2] We are thus confronted with the proper construction to be accorded to the provisions of Practice Book § 155 when evidence is excluded upon a mere general objection and the offering party at no time assigns any ground in support of the claim of admissibility. See *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 A. 346.

The forerunner of what is now Practice Book § 155 appeared as § 116 in the Rules of Court of 1899 and as § 116 in the Practice Book of 1908. It provided that "[w]henever an objection to the admission of testimony is made, counsel shall state the ground of the objection succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had thereon." This rule, changed materially, became § 151 of the Practice Book of 1922, § 158 of the Practice Book of 1934, and § 155 of the Practice Book of 1951. The vital difference between the earlier rule and the present one is that the latter includes a requirement that "counsel shall state the grounds upon which . . . [the proffered evidence] is claimed" as an alternative to the requirement that "counsel shall state the grounds . . . upon which objection is made." Neither requirement becomes operative until "an objection [whether general or particular] to the admission of evidence is

[2] "Sec. 155. OBJECTIONS TO EVIDENCE. Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had. Argument upon such objection shall not be made by either party unless the court requests it and, if made, must be brief and to the point."

made." The change in the rule is no mere matter of form, and in the present case is not only applicable but decisive.

Under this rule, when an objection is made to the admission of evidence, one of two things is called for. Either the party making the objection should accompany it with a statement of the specific ground or grounds on which the objection is based or the party offering the evidence should state the specific ground or grounds on which he claims the evidence is admissible. Of course each party may make such a statement. Whether the offering party will avail himself of the opportunity to make a statement in support of the admissibility would ordinarily depend upon whether the objecting party had stated his ground of objection with sufficient accuracy and specificity to form a satisfactory basis, from the offering party's standpoint, for a reviewable ruling. *Andreozzi* v. *Rubano*, 145 Conn. 280, 284, 141 A.2d 639; *LaVoie* v. *Marshall*, 141 Conn. 681, 687, 109 A.2d 508; *McCarthy* v. *Maxon*, 134 Conn. 170, 173, 55 A.2d 912. An exception, if one is taken, is to the court's ruling on the claim or claims so made and is so reviewed in this court. *LaVoie* v. *Marshall*, supra; *Petrillo* v. *Kolbay*, supra. This is true whether the ruling admits or excludes the evidence.

Had either party complied with the provisions of § 155 of the Practice Book, the attention of the court would have been directed to the precise ruling it was being called upon to make. See *State* v. *Tryon*, 145 Conn. 304, 309, 142 A.2d 54. The finding discloses no attempt by either party to comply with the rule or to furnish the court with any clear statement of claim with respect to the admissibility or inadmissibility of the pending question. See *State* v. *De-Gennaro*, 147 Conn. 296, 304, 160 A.2d 480. The

plaintiff attempts to ignore and by-pass the alternative, in the rule, requiring a statement of claim from him, apparently on the ground that the defendant furnished none under his general objection. Thus, the plaintiff in effect claims that the whole burden is on the defendant to state a proper ground of inadmissibility. This was probably incorrect even under the 1908 rule. See *Dunham* v. *Cox,* 81 Conn. 268, 273, 70 A. 1033. It is certainly incorrect under the rule in its present amended form. If a party in such a situation as that confronting the plaintiff wishes to except to a ruling excluding evidence which was objected to only generally, he must avail himself of the provisions of the rule and state his claim of admissibility. Since the plaintiff made no attempt so to do, the ruling excluding the evidence cannot be held to constitute reversible error. *Petrillo* v. *Kolbay,* supra. All this is but an obvious application of the fundamental rule of appellate procedure in the review of evidential rulings, whether resulting in the admission or exclusion of evidence, that an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him. *Sears* v. *Curtis,* 147 Conn. 311, 316, 160 A.2d 742; *Guerrieri* v. *Merrick,* 145 Conn. 432, 434, 143 A.2d 644; *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 21, 118 A.2d 798.

Nor does the fact that the ruling occurred during cross-examination relieve the plaintiff from the obligation of giving the court some inkling as to the ground of admissibility claimed. *Fahey* v. *Clark,* 125 Conn. 44, 48, 3 A.2d 313. The *Fahey* case, on which the plaintiff heavily relies, does not reveal any lack of certainty in the statement of the ground of admissibility of the question excluded. Id., 45. Rather, the basic error found was in the court's

requiring the cross-examiner to make a statement, in the nature of an offer of proof, as to what the witness would answer if the question was allowed. As the cross-examiner explained to the court, he could not honestly make such a statement since he did not know, and had no means of ascertaining, what the witness' answer would be. There is an obvious difference between a statement of the ground on which a question is claimed to be admissible or inadmissible, as required by Practice Book § 155, and an offer of proof as to what a witness will say if he is permitted to answer a question to which objection has been interposed. Thus, an offer of proof is specifically authorized by rule 43 (c) of the federal rules of civil procedure. It is not specifically authorized under our rules, and in most ordinary instances is unnecessary if counsel complies with § 155. 53 Am. Jur. 116 § 132, 88 § 99, 89 § 100; see *Hlavati* v. *Board of Adjustment,* 142 Conn. 659, 668, 116 A.2d 504. There was no error in the ruling sustaining the general objection.

After that ruling and still in the absence of the jury, the plaintiff asked the defendant whether he had at any time paid a fine in connection with the accident. The defendant objected, and the plaintiff then asserted that the payment of a fine on a specific criminal charge is an admission, regardless of whether any plea was made. Apparently, what the plaintiff was claiming was an admission by conduct, under the rule of cases such as *Cashman* v. *Terminal Taxi Co.,* 131 Conn. 31, 33, 37 A.2d 613; *Braithwaite* v. *Lee,* 125 Conn. 10, 15, 2 A.2d 380; *Grzys* v. *Connecticut Co.,* 123 Conn. 605, 610, 198 A. 259; *Perrelli* v. *Savas,* 115 Conn. 42, 43, 160 A. 311; *Kotler* v. *Lalley,* 112 Conn. 86, 88, 151 A. 433; *Potter* v. *Prudential Ins. Co.,* 108 Conn. 271,

281, 142 A. 891; and *Stratton* v. *Nichols*, 20 Conn. 327, 331.

Had there been a plea of guilty to a specific charge relevant to the circumstances of the accident, it would have been admissible as a verbal admission. *Flynn* v. *Raccuia*, 146 Conn. 210, 213, 148 A.2d 763; *Dumond* v. *Denehy*, 145 Conn. 88, 89, 139 A.2d 58; *Graham* v. *Wilkins*, 145 Conn. 34, 40, 138 A.2d 705; *Fitzhugh* v. *Bushnell*, 118 Conn. 677, 680, 174 A. 80; *Zenuk* v. *Johnson*, 114 Conn. 383, 388, 158 A. 910. A conviction after trial on a plea of not guilty is not, of course, an admission, either verbal or by conduct. *Page* v. *Phelps*, 108 Conn. 572, 588, 143 A. 890. A plea of nolo contendere, even though followed by a finding of guilty and the imposition of a fine or other penalty, is not admissible, either as a verbal admission or an admission by conduct. *Krowka* v. *Colt Patent Fire Arm Mfg. Co.*, 125 Conn. 705, 713, 8 A.2d 5; 2 Jones, Evidence, p. 693; note, 152 A.L.R. 253, 280. It necessarily follows that where there is no proof of any plea at all but merely of a payment of a fine, there is no admission, either verbal or by conduct. There was no error in the exclusion of the question concerning the payment of a fine.

The plaintiff included an appendix to his brief in an attempted amplification of the finding. The matter contained in the appendix, if it was necessary or desirable to an understanding of the two evidential rulings complained of, should have been summarized in the finding. Practice Book § 405; *Facey* v. *Merkle*, 146 Conn. 129, 131, 148 A.2d 261. If this had been done, no appendix would have been needed.

Under Practice Book § 155, argument of the applicable law in support of a claim for the admission or exclusion of evidence is permitted only if the

court requests it. Especially when difficult or unusual evidential problems involving material rulings are encountered, a court is well advised to avail itself of all proper assistance which competent counsel can give. Here, while the court allowed counsel to state, as required by Practice Book § 155, the ground on which he claimed the question concerning the payment of the fine was admissible, the court refused to permit argument of the claim of admissibility. The court was technically within its rights in refusing to permit any argument at all. Since, as already pointed out, the answer clearly would have been inadmissible, no argument, even had argument been permitted, could have been of assistance to the court.

There is no error.

In this opinion the other judges concurred.