AMERICO SOLUSTRI *v.* CATELLO PAGANO

CIRCUIT COURT          EIGHTH CIRCUIT
FILE No. CV 8-628-1302

Memorandum filed July 29, 1963

*Jack B. Talsky,* of New Haven, for the plaintiff.

*John F. Cipriano,* of New Haven, for the defendant.

DICENZO, J. By agreement of counsel for the respective parties, the instant motion was heard by the court on July 24, 1963, at New Haven. The reason advanced as the basis for the motion was that the court had sustained an objection to a question put by the plaintiff to the defendant and that this ruling prevented the plaintiff from examining the defendant as an adverse witness. The plaintiff further claimed that this ruling was prejudicial error.

This was an action on an agreement. The plaintiff testified in his case in chief and was cross-examined by the defendant. A redirect examination of the plaintiff followed, with a subsequent recross-examination. Thereafter, and as a part of the plaintiff's case, the plaintiff called the defendant to the witness stand. The defendant, having been duly sworn, answered all the plaintiff's questions willingly, fully and quickly. The plaintiff's examination of the defendant covered all aspects of the plaintiff's claims in the case and was a lengthy and thorough examination. The plaintiff then put the question that resulted in the objection and ruling. There followed a colloquy between counsel for both parties and the court concerning the scope of the adverse witness statute, § 52-178 of the General Statutes. Although the plaintiff took an exception to the ruling, he did not state how the ruling was harmful to him. No record was made of the question asked, and no court reporter was present at the trial. The trial continued with a further examination of the defendant by the defendant's counsel and a further examination of the defendant by the plaintiff. Other witnesses were also offered.

Neither counsel for the plaintiff nor counsel for the defendant made a record of the question objected to, nor did either counsel recall the question at the hearing on the instant motion. The written notes of the court do not include the question, and it is the court's best recollection that the question propounded was of no particular relevancy or significance as direct or cross examination, but a question put to the defendant for the purpose of irritating him.

It is a "fundamental rule . . . in the review of evidential rulings, whether resulting in the admission or exclusion of evidence, that an appellant [the mover here] has the burden of establishing that

there has been an erroneous ruling which was probably harmful to him." *Casalo* v. *Claro,* 147 Conn. 625, 630. The plaintiff, the mover, has failed to show how the claimed erroneous ruling was harmful or prejudicial to him.

The motion to open the judgment is denied.