## STATE OF CONNECTICUT *v.* LEROY TOWLES

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 5—decided November 9, 1967

*Thomas F. Keyes, Jr.,* for the appellant (defendant).

*George R. Tiernan,* state's attorney, for the appellee (state).

House, J.  The defendant was found guilty by a jury of possessing and selling a narcotic drug, marihuana, in violation of § 19-246 of the General Statutes.  Before the trial, he filed a motion to suppress evidence consisting of two marked $5 bills, claiming that that evidence was obtained as the result of an illegal search of the defendant made at the time of his arrest.  On this appeal, he claims error in the court's denial of that motion, error in a subsequent ruling of the court admitting into evi-

dence, during the trial, the currency and a plastic bag containing packets of marihuana, error in the court's denial of his motion for a mistrial, and error in rulings excluding certain evidence. Other assignments of error relating to the court's denial of the defendant's motions to dismiss the information and to discharge the defendant have not been briefed and are considered abandoned. *State* v. *Stallings,* 154 Conn. 272, 276, 224 A.2d 718; *Labbadia* v. *Bailey,* 152 Conn. 187, 190, 205 A.2d 377.

The defendant's motion to suppress the marked bills found on him at the time of his arrest was predicated on a claim that the evidence was seized illegally, without a warrant or other authority of law. More particularly the defendant claims that his arrest without a warrant was illegal, and hence that the search of his clothing during the arrest was illegal and that the evidence consisting of the two bills taken from his person should have been suppressed. On such a motion the defendant had the burden of proof. *State* v. *Mariano,* 152 Conn. 85, 91, 203 A.2d 305, cert. denied, 380 U.S. 943, 85 S. Ct. 1025, 13 L. Ed. 2d 962. Pursuant to § 54-33f of the General Statutes, the court, before trial and in the absence of the jury, received evidence necessary to the decision on the motion. Its special finding of facts relating to the motion has not been attacked.

That finding discloses that on March 20, 1965, a group of detectives from the special service division of the New Haven police department, which handles crimes involving vice, narcotics and gambling, went, dressed in civilian clothes, to the area of Legion Avenue and Orchard Street in New Haven. There were four officers in the group, Gleason, DeRosa, Lee and Ahern. Their assignment was the investigation of narcotics traffic and particularly the

activities of the defendant in that field. They carried portable radios for quick communication with each other and took up various positions in the area of the Beacon Grille, which was on the northwest corner of Legion Avenue and Orchard Street. Gleason gave to Robert Hamrick two marked $5 bills with which to make a purchase of marihuana. From his position, DeRosa, who knew the defendant, observed the defendant leave the grille with Hamrick and Bernard J. Wynkoop and walk west on Legion Avenue. The three men entered an alley next to premises known as 313 Legion Avenue, and DeRosa saw the defendant pick up something from the ground in the presence of Hamrick and Wynkoop, both of whom, after a few minutes, came out of the alley and returned to the grille, while the defendant proceeded to walk west on Legion Avenue toward Greenwood Street. DeRosa was thereafter notified by portable radio that Hamrick and Wynkoop had been arrested and were in possession of marihuana, and he was instructed to arrest the defendant. DeRosa arrested the defendant, who was then walking east on Legion Avenue, searched him and found on his person the two marked $5 bills which had been given to Hamrick. On these facts the court denied the motion to suppress, concluding that the search of the defendant's person was incident to a valid arrest, that he was arrested on the speedy information of other officers, that the arresting officer had reasonable ground to believe that the defendant had committed or was committing a felony, and that the search was not violative of his constitutional rights.

The crime with which the defendant was charged is a felony. General Statutes §§ 1-1, 19-265; *Martyn v. Donlin,* 151 Conn. 402, 410, 198 A.2d 700. A

legal arrest may be made without a warrant when the person is taken or apprehended in the act or on the speedy information of others or when the police officer has reasonable grounds to believe that he has committed or is committing a felony. General Statutes § 6-49. As we observed in *State* v. *Elliott,* 153 Conn. 147, 152, 215 A.2d 108: " 'An accused is lawfully "taken or apprehended in the act" if the circumstances observed by the officer preceding the arrest, viewed in the light of common knowledge and his own training and experience, gave him probable cause to believe that a crime was being, or had just been, committed.' *State* v. *DelVecchio,* 149 Conn. 567, 575, 182 A.2d 402. The amount of evidence necessary to furnish probable cause for an arrest without a warrant is to be measured by the facts of the particular case, and it need not be evidence sufficient to convict. *Wong Sun* v. *United States,* 371 U.S. 471, 479, 83 S. Ct. 407, 9 L. Ed. 2d 441." "Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony had been committed. *Carroll* v. *United States,* 267 U.S. 132, 162, 45 S. Ct. 280, 69 L. Ed. 543; *Beck* v. *Ohio,* 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142." *State* v. *Wilson,* 153 Conn. 39, 42, 212 A.2d 75; see also *State* v. *Allen,* 155 Conn. 385, 392, 232 A.2d 339; *McCray* v. *Illinois,* 386 U.S. 300, 304, 87 S. Ct. 1056, 18 L. Ed. 2d 62; *Jones* v. *United States,* 362 U.S. 257, 269, 80 S. Ct. 725, 4 L. Ed. 2d 697; *Henry* v. *United States,* 361 U.S. 98, 102, 80 S. Ct. 168, 4 L. Ed. 2d 134; *Draper* v. *United States,* 358 U.S. 307, 310, 79 S. Ct. 329, 3 L. Ed. 2d 327. Under all the circumstances disclosed in the finding, the

court could reasonably and logically conclude that DeRosa had probable cause to arrest the defendant without a warrant and that the arrest was lawful.

"A reasonable search which is incident to a lawful arrest is not unlawful even though it is conducted without a search warrant. *State* v. *Hassett,* 155 Conn. 225, 232, 230 A.2d 553; *State* v. *Elliott,* 153 Conn. 147, 152, 215 A.2d 108; *State* v. *Collins,* 150 Conn. 488, 492, 191 A.2d 253." *State* v. *Allen,* supra, 10. We find no error in the conclusion of the trial court that under the circumstances the search of the defendant's person was a legal search made incident to a valid arrest, and the defendant was not entitled to an order suppressing the two marked $5 bills disclosed by the search of his person.

During the trial of the case, the court, over the defendant's objection, admitted into evidence for the jury's consideration the two marked $5 bills and a plastic bag containing three packets of marihuana. These two rulings have been assigned as error, and in connection with these claims it is necessary to refer to other facts in addition to those already mentioned as found by the court from the evidence taken regarding the motion to suppress. These additional facts are taken from the court's unattacked finding as to what occurred at the trial.

At the trial the state produced Wynkoop as a witness. In brief, he testified that in the Beacon Grille the defendant asked him if he wanted to buy some marihuana and that, when Wynkoop answered affirmatively, the defendant requested him to follow the defendant to the alley. Hamrick accompanied them, and, when they arrived at the alley, the defendant went to the back of the alley where the fence was, took out a paper bag, and for $5 sold Wynkoop a small packet of marihuana. Wynkoop

also saw Hamrick make a purchase of marihuana from the defendant, paying him what appeared to be $5. Subsequently, a detective took the packet of marihuana from the person of Wynkoop, and Gleason, another detective, took two matchbook-sized envelopes containing marihuana and a packet of bambu paper (commonly associated with the rolling of marihuana cigarettes) from Hamrick. The two marked $5 bills which Gleason had given to Hamrick were found on the defendant by DeRosa when he arrested him upon being informed by portable radio that Hamrick and Wynkoop had been arrested and that both had marihuana in their possession. After arresting the defendant, DeRosa examined the area where he had last seen him on Greenwood Street. It had been snowing that day, and, on the premises to which the defendant's footprints led, DeRosa observed that underneath an exterior stairwell leaves and dirt had been tossed on the fresh snow. Here he found a plastic bag within which was a paper bag containing three packets of marihuana and two packets of cigarette wrapping paper. These packets of marihuana were similar to the packets found on Wynkoop and Hamrick which were in evidence as exhibits. They are commonly called nickel bags, selling for $5 each.

The defendant objected to the admission into evidence of the two $5 bills on the ground that they were not connected with the sale "if there was a sale" and to the admission of the plastic bag containing packets of marihuana on the ground that it had not been connected with the defendant. The ruling on the marked bills must be considered in the light of the evidence that the police had given them to Hamrick, that Wynkoop testified that both he and Hamrick purchased $5 packets of marihuana

from the defendant and that very shortly thereafter the police discovered one packet on Wynkoop and two on Hamrick and the marked $5 bills on the defendant. The ruling on the plastic bag containing three packets of marihuana must also be considered in the light of the evidence that the bag was found concealed under a stairwell on premises where the defendant was seen and to which his footprints led and that the packets in the bag were packaged in a manner similar to the packets found on Wynkoop and Hamrick. Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. *State* v. *Groos,* 110 Conn. 403, 407, 148 A. 350; see *State* v. *Taylor,* 153 Conn. 72, 76, 214 A.2d 362, cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442; *People* v. *Morrison,* 23 Ill. 2d 201, 205, 177 N.E.2d 833. "One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable. *State* v. *Sebastian,* 81 Conn. 1, 3, 69 Atl. 1054. . . . Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. Evidence is admitted, not because it is shown to be competent, but because it is not shown to be incompetent. No precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to the teachings of reason and judicial experience." *Pope Foundation, Inc.* v. *New York, N.H. & H.R. Co.,* 106 Conn. 423, 435, 138 A. 444. "A trial court has wide discretion in its rulings on the relevancy of evidence. *State* v. *Keating,* 151 Conn. 592, 597, 200 A.2d 724; *State* v. *Bas-*

*sett,* 151 Conn. 547, 551, 200 A.2d 473." *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 227, 215 A.2d 123; 1 Wharton, Criminal Evidence (12th Ed.) § 151. We find no error in these two evidential rulings of the court.

Hamrick did not testify at the trial. The court found that the state offered evidence to prove that he could not be located to testify, although extensive efforts were made by the state to find him and subpoena him. The remaining assignments of error made by the defendant concern the court's exclusion of attempts by the defendant (1) to introduce evidence that Hamrick had a bad character and a criminal record and that he had been used and was being used in this instance as an informant by the police to purchase narcotics and (2) in general to show "the type of witness, the type of character, and the amount of credibility that can be placed in the testimony or in the actions of Bobby Hamrick." The defendant not only objected to the exclusion of such evidence but at the conclusion of all the evidence moved for a mistrial because of that exclusion and on the claim that trying the case without Hamrick as a witness somehow deprived the defendant of his rights. The court correctly excluded the proffered evidence and denied the motion for a mistrial. Hamrick was not a witness, and he asserted nothing. Nor was there any claim that he had given any information which formed the basis of the arrest. Under the circumstances neither his character nor his credibility were in issue.

There is no error.

In this opinion the other judges concurred.