DORA ROLLIN *v.* HOMESTEAD APARTMENTS, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-6510-22214

Argued June 2—decided August 22, 1969

*L. Clayton Gery,* of New Haven, for the appellant (defendant).

*Arthur H. Ratner,* of New Haven, for the appellee (plaintiff).

DEARINGTON, J.  On the evening of May 29, 1965, the plaintiff, accompanied by her husband, was leaving an apartment in the defendant's apartment house occupied by a friend and was about to proceed down four steps leading from the first floor to the bottom of a hallway.  As she was in the process of stepping down from the hall landing to the first step, she fell and was injured.  She alleges that her fall was caused by the defendant's negligence in that a thick carpeting ran down the center of the stairway, resulting in the bare stairs on either side of the carpet being considerably lower than the carpeted tread, and this created a dangerous condition.  She also alleges negligence in that there was no handrail and the lighting in the area was inadequate.  Such conditions, she claims, were dangerous and hazardous and resulted in her tripping, missing a step, and being precipitated to the bottom of the stairway.  The

defendant denied the allegations and by way of a special defense alleged contributory negligence. From a judgment for the plaintiff, the defendant has appealed, assigning error in the court's charge and in its rulings on certain evidence. The plaintiff has assigned error in the denial of her motion to correct the finding.

We first consider the claim of error in the denial of the plaintiff's motion to correct the finding. The results which we reach in this appeal would not be affected even if the material the plaintiff sought to add were included. Consequently, the request for a correction of the finding need not be further considered. *State* v. *Loughlin,* 149 Conn. 21, 23.

During the redirect examination of a witness for the defendant, McGee, a janitor employed by the defendant as maintenance man at the apartment house, the witness was asked whether there had been any changes in the premises with reference to the hallway between May 29, 1965, and August, 1965. The defendant informed the court that further evidence would be offered bearing on the conditions as remaining the same. In sustaining an objection, the court stated, "Too much time has elapsed. So many things could happen in a tenement house between May 29 and August." The question of remoteness is tested by this rule: "Generally speaking, the question of remoteness, as justifying the exclusion of evidence, must depend upon all the considerations, including time, the character of the evidence, and all the surrounding circumstances which in the opinion of the court ought to have a bearing upon its worthiness to be brought into the consideration and determination of the matter in contention." *State* v. *Kelly,* 77 Conn. 266, 269; *Bishop* v. *Copp,* 96 Conn. 571, 580. "A trial court has wide discretion in its rulings on the relevancy of evidence." *National*

*Broadcasting Co.* v. *Rose,* 153 Conn. 219, 227. Especially is this so in point of time. *State* v. *Leopold,* 110 Conn. 55, 66. The exhibit attached to the defendant's assignment of error discloses no attempt to furnish the court with any clear statement of claim with respect to the admissibility or inadmissibility of the pending question. Practice Book §§ 226, 800; *Casalo* v. *Claro,* 147 Conn. 625, 629. Upon the record, we cannot say that the court abused its discretion.

The defendant, in examining its witness Halprin, a safety consultant and appraiser, asked him if he had inspected the premises sometime during the week of August 15, and he answered, "Yes." He was then asked to tell what he found. The plaintiff objected, and the court sustained the objection. An exception was taken by the defendant. The defendant's exhibit is completely devoid of any grounds upon which the question was claimed. Practice Book §§ 226, 800, and cases cited; *Casalo* v. *Claro,* supra. The error claimed requires no further consideration.

Finally, the defendant claims error in the part of the court's charge wherein the jury were instructed that they could draw no inference from the failure of the plaintiff to produce certain witnesses since either party had the privilege of subpoenaing the witnesses. "The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause." *Ezzo* v. *Geremiah,* 107 Conn. 670, 677. "There are two requirements for the operation of the rule: The witness must be available, and he must be a witness whom the party would naturally produce. . . . A witness who would naturally be produced by a party is one

who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce." *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, and cases cited. The witnesses in question were Mr. and Mrs. Hess, friends of the plaintiff whom she had visited at the apartment house the evening of the accident, and Drs. Swirsky and Glassman, who treated the plaintiff following the accident.

We first consider the Hesses. There were no facts in the defendant's claims of proof or in the finding which indicate that either of these witnesses saw the plaintiff fall or was even in the hall when she fell. Under the rule, the witness must first be known to have been in a position to know material facts. *Cullum* v. *Colwell,* 85 Conn. 459, 465. If, however, the testimony of these witnesses was material, there appears to be no good reason why they were not equally available to the defendant. While both of these witnesses were friends of the plaintiff, they were also lessees of the defendant. An adverse inference does not arise merely because the witness would be likely to be hostile. 1 Jones, Evidence (5th Ed.) § 29. "The circumstance that a particular person, who is equally within the control of both parties, is not called as a witness, is too often made the subject of comment before the jury. Such a fact lays no ground for any presumption against either party. If the witness could aid either party, such party would probably produce him. As he is not produced, the jury have no right to presume anything in respect to his knowledge of any facts in the case, because they are to try the case upon the facts shown in evidence, and upon them alone, without attempting to guess at what might be shown if particular persons were produced by the parties." *Scovill* v.

*Baldwin,* 27 Conn. 316, 318. Upon the record, we cannot say that the court erred in charging the jury as it did in respect to the Hesses. See *Secondino* v. *New Haven Gas Co.,* supra, 676.

The court found that as a result of the fall the plaintiff suffered severe and excruciating injuries and was rendered medical treatment by Drs. Swirsky and Glassman, neither of whom appeared as witnesses for her. There were no requests to charge on this subject; however, the court charged as follows and an exception was taken: "Now, both counsel talked a great deal about the missing witnesses. Now, it is a principle of law that if one person knows of a witness who can throw light on a case and he is the only one who can do this, there is an obligation on the part of that person to bring that party into court and tell you all they know. Now on the other hand as far as the doctors are concerned, apparently both parties knew all the parties involved. Either party could have subpoenaed in the doctors, so I am going to ask you to draw no inferences at all from the failure to produce witnesses." While it might be true that both litigants knew the doctors, it is also true that availability of the witness to both parties is not the sole test. *Secondino* v. *New Haven Gas Co.,* supra, 675. As the court said in *Secondino* in respect to a doctor who had treated the plaintiff and who did not appear as a witness (p. 676): "If his testimony was likely to be favorable, the plaintiff, presumably, would make every reasonable effort to produce him. His position as an expert in the particular field of the plaintiff's more serious injuries would have added weight to her case had he testified favorably to her claims. It would not be enough for her to say that . . . [the doctor] was available by subpoena to both parties. He was a witness whom the plaintiff naturally would produce." The court erred in the portion of the charge as it

related to the doctors. To require a reversal, error must be harmful. The nature and extent of the plaintiff's injuries were weighty issues in this case, and the error makes necessary a new trial on the issue of damages.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover such damages as she may prove on a new trial limited to the issue of damages.

In this opinion KOSICKI and KINMONTH, Js., concurred.