EVERETT BERNDSTON *v.* ANGELO N. ANNINO, JR.

LOISELLE, BOGDANSKI, LONGO, PETERS and SIDOR, Js.

Argued November 13, 1978—decision released March 13, 1979

*George D. Royster, Jr.,* with whom, on the brief, was *Thomas J. Hagarty, Jr.,* for the appellant (plaintiff).

*John J. Reid,* with whom was *Chester J. Bukowski, Jr.,* for the appellee (defendant).

SIDOR, J. The plaintiff brought this action to recover damages for injuries sustained as a result of an automobile accident in which the plaintiff's car, stopped to make a left turn, was hit from behind by the defendant's vehicle. At the time of the collision both parties were operating their respective vehicles. The plaintiff claims to have suffered severe injury, including a 15 percent permanent partial

disability caused by a ruptured disc discovered three and one-half years after the accident. Before commencement of the trial, the defendant admitted liability. The matter of damages was the remaining issue to be resolved at trial. The plaintiff sought compensation for pain and suffering, past and future medical expenses, loss of earning capacity, and property damage to his automobile. The jury found the issues in favor of the plaintiff and awarded damages in the amount of $10,248.38. The plaintiff's motion to set aside the verdict was denied, and the plaintiff appealed, assigning error in several evidentiary rulings, in the trial court's failure to charge as requested, and in the court's refusal to set aside the verdict.

It is conceded by the parties that the sole issue presented by them to the jury was the nature, extent and proximate cause of the injuries suffered by the plaintiff. The plaintiff complained of a painful back injury. Medical evidence indicated an aggravation of a preexisting condition of arthritis in his lower back and a neurosurgeon diagnosed a herniated disc three and one-half years after the date of the accident.

In view of the fact that the diagnosis of a herniated disc occurred three and one-half years after the accident, it was important to the plaintiff's case to attempt to link it to the collision. Evidence of the severity of impact was part of this attempt. Thus, it was relevant to the issue and the plaintiff should have been permitted to offer evidence to assist the jury in resolving the issue of the nature and extent of injury proximately caused by the defendant's negligence. The plaintiff attempted to demonstrate the severity of impact by the intro-

duction of evidence of the rate of speed at which the defendant was traveling prior to the accident, the length of the tire marks after the defendant applied his brakes, and the distance between the cars after impact. Evidence of such factors and testimony related thereto was excluded by the trial court on the ground of irrelevancy and on the basis that liability was admitted.

It has long been the rule that "[u]nless excluded by some rule or principle of law, any fact may be proven which logically tends to aid the trier in the determination of the issue." *Locke* v. *Kraut,* 85 Conn. 486, 489, 83 A. 626 (1912). Evidence is admissible not because it is shown to be competent, but because it is not shown to be incompetent. Relevant evidence is evidence which has a logical tendency to aid the trier of fact in the determination of an issue. *Pitt* v. *Kent,* 149 Conn. 351, 357, 179 A.2d 626 (1962). One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. *State* v. *Blake,* 69 Conn. 64, 76, 36 A. 1019 (1897); Tait & LaPlante, Handbook of Connecticut Evidence § 8.1(a); McCormick, Evidence § 185.

Speed is relevant to the severity of impact and, inferentially, to the injury sustained. The trial court recognized this fact when it concluded that if the defendant were traveling at a rate of 100 miles per hour, it would allow such testimony. " 'If the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury.' *Insurance Co.* v. *Weide,* 11 Wall. (U.S.) 438, 440." *Katz* v. *Delohery Hat Co.,* 97 Conn. 665, 679,

118 A. 88 (1922). Whether there is such evidence is a question for the judge; whether that evidence is sufficient to establish the fact in controversy is a question for the jury. *Mancini* v. *Bureau of Public Works*, 167 Conn. 189, 200, 355 A.2d 32 (1974); *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 347, 71 A. 358 (1908).

The defendant argues that such evidence encroached upon the issue of liability which was not before the jury and thus was properly excluded. This court has held, however, that "[i]t is never a sufficient reason for the exclusion of pertinent evidence that it may be also susceptible of a wrong and prejudicial use by the trier." *State* v. *Costa*, 95 Conn. 140, 146, 110 A. 875 (1920). Any confusion or distraction caused by the introduction of this testimony could have been cured by a charge to the jury. Although a trial court has wide discretion as to the admission of questions involving relevance and remoteness, a party cannot be deprived of his right to support his cause by the introduction of evidence tending to prove facts upon which issue has been joined, if the evidence is not excluded by some rule of law. *Papa* v. *Youngstrom*, 146 Conn. 37, 40, 147 A.2d 494 (1958); *Morico* v. *Cox*, 134 Conn. 218, 224–25, 56 A.2d 522 (1947); *Moran* v. *New York, N.H. & H. R. Co.*, 107 Conn. 454, 457, 140 A. 818 (1928).

There seems to be a division of authority in many jurisdictions on similar cases. The prevailing view appears to support the proposition that, even though liability is fully admitted, evidence of speed, physical impact, and the like is admissible as relevant to the probable extent of personal injuries. See 22 Am. Jur. 2d, Damages, § 307; *Johnson* v. *McRee*, 66 Cal.

App. 2d 524, 152 P.2d 526 (1944); *Murray* v. *Mossman,* 52 Wash. 2d 885, 329 P.2d 1089 (1958); *Gulf Oil Corporation* v. *Slattery,* 53 Del. 504, 172 A.2d 266 (1961). This accords with our view. We conceive this to be a rational and logical approach to this problem.

The fundamental rule of appellate procedure in the review of evidential rulings is that an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him. *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 575–76, 316 A.2d 394 (1972); *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153 (1960); *Guerrieri* v. *Merrick,* 145 Conn. 432, 434, 143 A.2d 644 (1958). Any testimony in a case that tends of itself or in connection with other testimony to influence the result on a fact in issue is material. If the testimony would tend to affect the verdict of the jury, it meets the test of materiality. *State* v. *Fasano,* 119 Conn. 455, 460, 177 A. 376 (1935). Where a court erroneously excludes material evidence the error is harmful. Here the ruling was material and therefore harmful in that it was probative of the plaintiff's attempt to prove his claim of a ruptured intervertebral disc and the resulting damages. *Donch* v. *Kardos,* 149 Conn. 196, 202, 177 A.2d 801 (1962); *Stern & Co.* v. *International Harvester Co.,* 146 Conn. 42, 47, 147 A.2d 490 (1958).

Our decision on the claim of error directed at the exclusion of evidence of the severity of impact as indicated by the rate of speed, the length of the tire marks after the defendant applied his brakes, and the distance between the cars after impact is dispositive of this appeal. See *Hoelter* v. *Mohawk Service, Inc.,* 170 Conn. 495, 508, 365 A.2d 1064

(1976). No harmful error is noted in the plaintiff's other claims. "It is well established in Connecticut that the trier has wide discretion in ruling on the relevancy of evidence. *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639. At times the evidence offered may be relevant, but its relevance may be so slight and inconsequential that to admit it would distract attention which should be concentrated on other evidence which bears directly on the vital issues of the case. *State* v. *Mahmood,* 158 Conn. 536, 540, 265 A.2d 83; *State* v. *Bassett,* 151 Conn. 547, 551, 200 A.2d 473." *State* v. *Varricchio,* 176 Conn. 445, 450, 408 A.2d 239 (1979).

Since a new trial is ordered, we feel it necessary to comment on the issue of lost earning capacity. In this case, the plaintiff testified that he wanted to try to get by without the necessity of working. He became sixty-two years of age a few weeks after retiring on December 31, 1975. It is not clear from the record whether the plaintiff was claiming a diminution or a complete loss of earning capacity. In either case, his claim of proof should have been based upon the "market value of his services." See *Dowling* v. *Hebert,* 146 Conn. 516, 152 A.2d 642 (1959); *Lashin* v. *Corcoran,* 146 Conn. 512, 152 A.2d 639 (1959); *Fairbanks* v. *State,* 143 Conn. 653, 124 A.2d 893 (1956). In view of the uncertainties in the essential facts laid in the foundation, the opinion of the economic expert would be without substantial value. See *Going* v. *Pagani,* 172 Conn. 29, 372 A.2d 516 (1976). We find no abuse of discretion in the rulings of the trial court on this issue.

" 'He who seeks to recover damages of this nature [lost earning capacity] must establish a reasonable

probability that his injury did bring about a loss of earnings, and must afford a basis for a reasonable estimate by the trier . . . of the amount of that loss.'" *Mazzucco* v. *Krall Coal & Oil Co.*, 172 Conn. 355, 360, 374 A.2d 1047 (1977). The evidence must be of such certainty as the nature of the particular case may permit. The plaintiff must lay a foundation which will enable the trier to make a fair and reasonable estimate.

The plaintiff urges us to permit an expert witness to testify without the necessity of a hypothetical question. We are not persuaded that we should modify the rule on opinion evidence by an expert witness. We commented recently on this rule. See *Going* v. *Pagani,* supra, 35, and cases therein cited.

There is error, the judgment is set aside and a new trial is ordered, limited to the question of damages.

In this opinion the other judges concurred.