[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE
In this case, the plaintiff obtained a verdict in the amount of $39,592.78. Included in the amount of the verdict were amounts for medical costs, lost earnings to date, future economic damages consisting of lost earning capacity after the date of verdict, past non-economic damages and future non-economic damages.
The defendant has filed a motion to set aside the verdict, or in the alternative, order a remittitur in the amount of $15,000.00, based on his claim that there was not sufficient evidence for the jury to have awarded an amount of $4,600.00 for past loss off earning capacity and $10,400.00 for loss of future earning capacity.
There is evidence that at the date of this trial, the plaintiff was employed teaching classes of low-impact aerobics. This was a job she started in September 1991, some three months after this accident of June 13, 1991. On the date of the accident she was not employed, but some two years previously, had been employed teaching high-impact aerobics. There was medical evidence that as the result of this accident, she sustained a 7-8% permanent partial disability off her back area and although she was capable of teaching low-impact aerobics, she would be unable to teach high-impact aerobics. She was certified to teach high-impact aerobics in December 1991, but was unable to do so because of her accident related injuries. CT Page 8461
There was further evidence from one, Jennie Davis, familiar with the teaching of aerobics classes, that there was a big demand for teachers of high-impact aerobics classes and that such teachers were capable of earning $10-$13.00 per hour more than teachers of low-impact aerobics.
The evidence presented a sufficient basis as to the plaintiff's "incapacity to work as [she] had before the accident" and as a foundation to estimated future earning prospects. Hoadley v. University of Hartford, 176 Conn. 669,675. There was also sufficient evidence on which to base the market value of the plaintiff's services. Berndston v. Annino,177 Conn. 41, 46.
The motion to set aside the verdict or to order a remittitur is denied.
BELINKIE, JUDGE REFEREE