[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO STRIKE
In this case the plaintiff company has sued the defendant company for conversion in the Second Count and in a Third Count alleging a CUPTA violation. The motion to strike is directed at both counts.
The plaintiff alleges in its complaint that it entered into a contract with the plaintiff to underwrite and provide insurance to various insureds. The defendant was to collect the insurance premiums from the insureds on the plaintiff's behalf. The plaintiff claims the defendant has not turned over all the premiums due to it.
The defendant claims the second count does not set forth an action in conversion. It claims the plaintiff does not allege "a right to possession of the property at the time of conversion" and that it has not asserted title to the premiums allegedly collected by the defendant. If an insured paid money to the defendant for insurance premiums the plaintiff wouldn't have received that same CT Page 5221 money from the defendant.
 "An action of conversion is a suit for damages by the owner of a chattel or by one entitled to the immediate possession of the chattel against one who has wrongfully appropriated the chattel in derogation of the rights of the rightful owner or possessor."
Connecticut Law of Torts, 3d ed. Wright 28, Fitzgerald, § 25, page 38. It has been held that money can be subject to conversion, Omar v. Mezvinsky, 13 Conn. App. 533, 536
(1988). Cases have involved situations where recovery is sought of money wrongfully taken from a joint account,Devitt v. Manulik, 176 Conn. 657, 662 (1979) or where the plaintiff seeks to recover money entrusted to the defendant for payment to a third party, Dunham v. Cox,81 Conn. 268, 270 (1908). The plaintiff seems to allege the defendant was merely acting as its agent to collect certain monies for it; that would give the plaintiff the right to bring an action in conversion to recover those monies.
The allegations of the plaintiff's complaint also would seem to support a CUPTA complaint. More than one act is alleged. If the plaintiff's allegations are accepted as true the defendant has wrongfully retained monies rightfully belonging to the plaintiff. It would certainly seem to be an allegation of unlawful activity that is unethical and oppressive and geared to cause injury to "other businessmen", Krawiec v. Blake Motor, 26 Conn. App. 601,607 (1992), also see McLaughlin Ford In [Inc.] v. FordMotor Co., 192 Conn. 558, 569 (1984). The "substantiality" of the injury can't be determined on a motion to strike andMcLaughlin seems to indicate a CUPTA claim can be brought by one business against another where they are not competitors but the plaintiff alleges a violation of a franchise or other business agreement.
The motion to strike is denied.
Corradino, J. CT Page 5222