## STATE OF CONNECTICUT *v.* JAMES JONES

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 6—decision released July 16, 1974

*William B. Ramsey,* special public defender, with whom was *Alphonse DiBenedetto,* assistant public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John J. Kelly,* assistant state's attorney, for the appellee (state).

SHAPIRO, J. By an information alleging the sale of heroin, a narcotic drug, the defendant was charged in two counts with violations of General Statutes § 19-480a. On February 18, 1970, the defendant pleaded not guilty to both counts and elected to be tried by a jury. On August 7, 1970, on a trial on the first count, the defendant was found guilty on that count of the information. The first count was the only count committed to the jury at that time. On February 1, 1971, the court denied a motion by the defendant to dismiss the second count. A trial was held on the second count and the matter was committed to the jury. On February 8, 1971, the defendant was found guilty. From separate judgments rendered on the two counts the defendant has appealed. He has prepared separate assignments of error for each count.

## I

As to the trial on the first count, error is assigned to various rulings on evidence. "A ruling on evidence must be tested by the finding. If it is claimed to be erroneous, the finding must contain facts sufficient to disclose the error. Practice Book § 648; *Morgillo* v. *Evergreen Cemetery Assn.,* 152 Conn. 169, 175, 205 A.2d 368; *Duncan* v. *Milford Savings Bank,* 134 Conn. 395, 403, 58 A.2d 260. And the finding must also disclose facts from which the materiality of the ruling may be determined. *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153." *Grievance Committee* v. *Dacey,* 154 Conn. 129, 150, 222 A.2d 339.

The defendant assigns as error the sustaining of the state's objection to his questioning of Officer James Lucas of the New Haven police department concerning alleged gambling operations during a police undercover operation. In his brief, the defendant argues that he should have been permitted to cross-examine Lucas as his own witness because Lucas made a contradictory statement at a coroner's inquest, and the defense had been surprised by his later testimony at the trial.

It has long been the accepted general rule that a party presenting a witness may not directly discredit him or impeach his credibility. *Carney* v. *Hennessey,* 77 Conn. 577, 586, 60 A. 129; *Carpenter's Appeal,* 74 Conn. 431, 435, 51 A. 126. "However strong may be the belief of counsel that his witness is biased, prejudiced or hostile, it is a fundamental requirement of a just and orderly procedure that having called a witness and sought the benefit of his testimony by putting him on the witness stand, . . . he cannot directly impeach him save where it is shown to the satisfaction of the court that the testimony of the witness is a surprise to him, or is inconsistent with other statements made by the witness, that he is adverse or hostile or for some equally potent reason, as the interests of justice under the particular circumstances of the case seem to the court to require." *Schmeltz* v. *Tracy,* 119 Conn. 492, 498, 177 A. 520. A party who is surprised by the adverse testimony of his own witness, although voluntarily called, may be permitted to examine him for the purpose of showing that he has made statements contradictory to his testimony upon the stand. Such examination is, however, a privilege and not a matter of right. *Gondek* v. *Pliska,* 135 Conn. 610,

616–17, 67 A.2d 552; *Sandora* v. *Times Co.*, 113 Conn. 574, 585, 155 A. 819; *State* v. *Gargano*, 99 Conn. 103, 113, 121 A. 657.

In the case before us, the finding discloses that in 1969 Lucas, a member of the New Haven police department, joined in an undercover operation based at 719 Congress Avenue in New Haven, with fellow officers Francis DeGrand and Frank Hawley. At first the operation was concerned with stolen goods, but during January of 1970 it focused on narcotics. Lucas testified as a witness for the state and was cross-examined by the defendant's counsel in reference to the undercover gambling operation. On cross-examination the following exchange transpired: "Q. And you wrote numbers in there, too, didn't you? A. Not to my knowledge sir. Q. Didn't Mr. Hawley write numbers? A. Not to my knowledge, sir." After the state had rested its case, the defendant called Lucas as his witness. On direct examination by the defendant's counsel, he was asked: "Mr. Lucas, do you remember earlier I asked you if you and Mr. Hawley were booking numbers in there, and you replied, 'No,' is that correct?" The state objected to the question as being irrelevant to the present case. The defendant's counsel claimed that he had the right to attack the credibility of the witness, but the court sustained the objection. The defendant's counsel then took an exception. The defendant's counsel next asked, "Do you recall being present before the coroner who conducted an inquest on January 31, 1970, into the death of Mr. Hawley?" The state objected to the question as irrelevant and an attempt by defense counsel to cross-examine his own witness. The defendant claimed the right to attack the credibility of the witness through the use of the coroner's

report which he claimed to have obtained during the recess. He contended that the report contained statements made by Lucas which were "exactly different from what he said on the stand." The court sustained the state's objection and the defendant excepted.

The state offered evidence to prove and claimed to have proved that the coroner's inquest on Officer Hawley's death was conducted on February 19, 1970, and that the trial of this case started on August 6, 1970. This, coupled with the fact that Lucas was first called as a witness by the state and subjected to cross-examination by the defense, convinces us that, in the circumstances of this case, the court did not err in sustaining the objection of the state. Granting counsel the privilege of cross-examining his own witness rests in the discretion of the trial court and can be the ground for an appeal only if that discretion has been abused. *Fox* v. *Schaeffer,* 131 Conn. 439, 447, 41 A.2d 46; *State* v. *Gargano,* supra; *State* v. *Stevens,* 65 Conn. 93, 99, 31 A. 496. The court did not abuse its discretion in this instance.

The defendant next assigns as error the rejection by the court of certain testimony of David Evans. There is no merit to this claim. "A trial court has wide discretion in its rulings on the relevancy of evidence and no precise and universal test of relevancy is furnished by the law. The question must be determined in each case according to the teachings of reason and judicial experience. *State* v. *Towles,* 155 Conn. 516, 523, 235 A.2d 639; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 227, 215 A.2d 123." *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 425-26, 270 A.2d 546. "At times, the

evidence offered may be relevant, but its relevance may be so slight and inconsequential that to admit it would distract attention which should be concentrated on other evidence which bears directly on vital points. *State* v. *Wade,* 96 Conn. 238, 248, 113 A. 458; *State* v. *Sebastian,* 81 Conn. 1, 4, 69 A. 1054." *State* v. *Bassett,* 151 Conn. 547, 551, 200 A.2d 473.

On direct examination by the defendant's counsel in the present case, Evans testified that he had been a drug addict since 1956, that he had been in and out of prison during that time and that he had known the defendant "over a year now." He was asked in reference to the defendant: "Now, to the best of your knowledge or belief, did this man ever sell narcotics?" The state objected on the ground that the answer would be pure surmise and speculation in that the issue was whether the defendant had been guilty of the sale of narcotics on January 23, 1970. The court sustained the objection and an exception was granted to the defendant. The witness was then asked whether he ever went into the store at 719 Congress Avenue and whether he saw Hawley there. He answered in the affirmative. He also testified that he went there "to book numbers" and would "go there in the afternoon and make bets." Upon objection by the state that portion of the answer was ordered stricken by the court. Upon further direct examination Evans testified that he went into the store "just around 2:00, 3:00 o'clock" and that this was "around July and August" of 1969; that he was not in the store in January of 1970; that he was arrested in September of 1969; that he was "not on the street since September" of 1969; and that during July and August he went there and played numbers. The state objected to

this testimony as being irrelevant and immaterial. The court sustained the objection and the defendant excepted.

Our analysis of the above testimony, conducted in terms of applicable law, leads us to conclude that the excluded testimony of Evans would have had little, if any, probative value on the question of whether the defendant sold narcotics on January 23, 1970. There was no error in the ruling of the court which excluded the testimony in question.

The defendant also assigns as error the decision of the trial court denying him permission to explain the circumstances of one of his prior convictions for motor vehicle theft. "Only fundamental and material errors which may work an injustice ought to disturb a judgment rendered in substantial accord with principles of law." *African Methodist Episcopal Church* v. *Jenkins,* 139 Conn. 418, 423, 94 A.2d 618; *Guilford* v. *Landon,* 146 Conn. 178, 180, 148 A.2d 551; *Felix* v. *Hall-Brooke Sanitarium,* 140 Conn. 496, 503-4, 101 A.2d 500. "The burden is on the appellant to show not only that error was committed but that it was harmful. *Wolfpit-Villa Crest Assn., Inc.* v. *Zoning Commission,* 144 Conn. 560, 565; *Martin* v. *Board of Zoning Appeals,* 145 Conn. 735, 737; *Sears* v. *Curtis,* 147 Conn. 311, 316; *Casalo* v. *Claro,* 147 Conn. 625, 630; *Pilon* v. *Yard,* 147 Conn. 720, 722; *Brown* v. *Rahr,* 149 Conn. 743, 745." Maltbie, Conn. App. Proc., 1968 Sup. § 17, p. 6 n.1a. With these standards in mind, we have reviewed the present claim of the defendant and the supporting argument presented in his brief. Based on this review we conclude that the defendant has failed to meet the burden of showing that the decision of the trial court constituted harmful error.

In the final paragraph of the assignment of errors addressed to the first count, the defendant claims that the court erred in rejecting his exhibit, the transcript of the coroner's inquest into the death of Hawley. "If the exclusion of a document is assigned as error, its contents must be stated or the document itself must be made a part of the finding; this can be done by having it marked as an exhibit for identification and expressly making it a part of the finding by reference." Maltbie, op. cit. § 147, p. 183. Because the defendant failed to have the transcript of the coroner's inquest marked for identification, it is not a part of the record and this court is precluded from reviewing the ruling which excluded it from admission into evidence. *National Broadcasting Co.* v. *Rose,* supra; *First Ecclesiastical Society* v. *Sloane,* 150 Conn. 611, 616, 192 A.2d 645; *State* v. *Walters,* 145 Conn. 60, 67–68, 138 A.2d 786, cert. denied, 358 U.S. 46, 79 S. Ct. 70, 3 L. Ed. 2d 45.

## II

In his assignment of errors addressed to the second count, the defendant claims that the trial court erred in that it had no jurisdiction to try the defendant on the second count of the information in a separate trial. Jurisdiction of the court rests on its legal cognizance of both the subject matter and the person of the alleged offender. *Reed* v. *Reincke,* 155 Conn. 591, 598, 236 A.2d 909. There is no question in the present case as to the jurisdiction of the trial court over the subject matter. It is a matter of law and can neither be waived nor conferred by consent of the accused.[1]

---

[1] "[General Statutes] Sec. 54-17. JURISDICTION OF SUPERIOR COURT. The superior court shall have the sole jurisdiction of any offense not within the jurisdiction of the circuit court. In any prosecution for the violation of any provision of any charter, ordinance or bylaw

The present claim is an attack on the court's jurisdiction of the defendant's person. "Jurisdiction of the person may . . . be acquired by consent of the accused or by waiver of objection, and it is waived by pleading not guilty and going to trial." *Reed* v. *Reincke,* supra, 598–99.

The finding in the present case indicates that the defendant was charged by an information dated February 1, 1970, with two violations of the State Narcotic Drug Act. He pleaded not guilty to both counts and claimed a trial to the jury on February 18, 1970. In a trial on the first count, the jury selection commenced on August 5, 1970, and a verdict of guilty was returned on August 7, 1970. In a trial on the second count, jury selection commenced on February 4, 1971, and a verdict of guilty was returned on February 8, 1971. Therefore, in view of these facts and the applicable law stated above, we conclude that the court had jurisdiction over the defendant to which he made no timely objection.

In his brief the defendant emphasizes the fact that the state filed a substituted information as to the second count after the jury was impaneled. He argues that the two informations involved differ in ways that are fundamental. We cannot agree. The first information was signed and authorized by the state's attorney for the county of New Haven, whereas the substituted information was signed and

of a city or borough, the defendant shall have the right of appeal as in other cases. The superior court shall also have concurrent jurisdiction of any offense which is within the jurisdiction of the circuit court."

"[General Statutes] Sec. 54-42. ORIGINAL INFORMATION IN SUPERIOR COURT. An original information may be filed in the superior court against any person accused of crime in any case in which an inferior court may, at its discretion, punish him or bind him over for trial, and in any other case upon the order of the superior court."

authorized by an assistant state's attorney. The original information was dated February 1, 1970, while the substituted information was dated February 5, 1971. The orginal information makes parenthetical reference to the drug heroin, whereas the substituted information also refers to the drug heroin but does not utilize parentheses. These are all technical objections. In raising them, the defendant has failed to indicate any prejudice or disadvantage to which he was subjected by them. Furthermore, they belong to that class of objections of which seasonable advantage must be made at the time of trial. *State* v. *Lorusso,* 151 Conn. 189, 192, 195 A.2d 429; *State* v. *Mola,* 128 Conn. 407, 410–11, 23 A.2d 126; *State* v. *Miglin,* 101 Conn. 8, 11, 125 A. 250; *State* v. *McGee,* 80 Conn. 614, 617, 69 A. 1059.

As this court said in an analogous situation: "The defendant . . . [has] already pleaded not guilty to the original information, and, as is our practice in such cases, this plea was treated as applicable to the amendment. All his rights to a full trial were thus preserved. . . . Moreover, the record is barren of any suggestion that any endeavor by him to change his plea . . . was thwarted by the state." *State* v. *Lorusso,* supra, 191–92.

The defendant also makes the claim that the court erred in denying his motion to dismiss the second count of the original information after trial on the first count. He argues in his brief that the court lacked jurisdiction to try him on the second count and that the second trial constituted double jeopardy.

Neither argument is sufficient to support this second claim of error. For reasons stated above, it is clear that the court acquired jurisdiction over

both the subject matter and the person of the defendant. The reasoning which supports this conclusion needs no repetition at this point.

As for the claim of double jeopardy, we note that it was not raised by the defendant at the second trial. Instead he proceeded to trial, verdict and judgment without raising such a claim. We find that in so doing he impliedly waived the defense of double jeopardy, and, therefore, that issue is not before us for determination on the merits. See *Brady* v. *United States*, 24 F.2d 399, 405 (8th Cir.); *United States* v. *Reeves*, 293 F. Sup. 213, 214 (D.D.C.).

Since the court did have jurisdiction, and because the protection against double jeopardy was waived, the defendant's attack on the denial of the motion to dismiss is without merit.

There is no error.

In this opinion the other judges concurred.