**UNITED STATES of America, Appellee,**

v.

**Earl Clifton FLEMING, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Vernon J. RAGINS and Pearl L. Ragins, Appellants.**

**Nos. 80–5217, 81–5108.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1981.

Decided Dec. 17, 1981.

Certiorari Denied Feb. 22, 1982. See 102 S.Ct. 1473.

Parks N. Small, Federal Public Defender, Columbia, S. C., for appellant in 80–5217.

John F. Hardaway, Asst. Federal Public Defender, Columbia, S. C. (Russell W. Templeton, Columbia, S. C., on brief), for appellants in 81–5108.

Douglas H. Westbrook and Eric W. Ruschky, Asst. U. S. Attys., Columbia, S. C., for appellee.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and MURNAGHAN, Circuit Judge.

FIELD, Senior Circuit Judge:

In each of these consolidated appeals, the appellants contend that jeopardy attaches when a jury has been selected although it has not been sworn to try the case.

In case number 80–5217, Earl Clifton Fleming was awaiting trial in the District of South Carolina on an indictment charging him with two counts of felonious receipt of food coupons. The case was set for trial on September 10, 1980 and a few days prior thereto the Government learned of an alleged threat by Fleming against one of the Government witnesses. A new indictment was returned on September 9, 1980 which contained the original first two counts, and included a third count charging a violation of 18 U.S.C. § 1503. When the case was called for trial on September 10, 1980, the district court concluded that under the circumstances the jury should be dismissed and the case reset for trial. Thereafter the defendant moved to dismiss counts one and two on the ground that the defendant had been placed in jeopardy when the jury was impaneled. The court denied this motion but allowed this interlocutory appeal.

In case number 81–5108, Vernon J. Ragins and his mother, Pearl L. Ragins, were charged in a four-count information with making false statements to the Social Security Administration concerning Vernon's eligibility to receive survivor's benefits. A jury was selected on January 19, 1981 but was not sworn and was advised to return for the trial on January 20, 1981. On the morning of January 20, counsel for the Government tendered an amended information which included a reference to newly discovered material. When the defendants demanded to be tried on the original information, the district judge, acting upon the Government's motion, dismissed the amended information and the jury was discharged. On March 10, 1981, the Government filed a superseding information which was identical to the amended information which was tendered on January 20. On March 19, 1981, the defendants moved to dismiss the superseding information, arguing that it subjected them to double jeopardy. The district judge denied their motion but permitted the defendants to take an interlocutory appeal.

In holding that jeopardy had not attached in either of these cases, the district court relied upon the Supreme Court's decision in *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). In that case the State of Montana argued that jeopardy does not attach until the first witness is sworn. In rejecting this argument, the Court stated:

> If the rule that jeopardy attaches when the jury is sworn were simply an arbitrary exercise of linedrawing, this argument might well be persuasive, and it might reasonably be concluded that jeopardy does not constitutionally attach until the first witness is sworn, to provide consistency in jury and nonjury trials. Indeed, it might then be concluded that the point of the attachment of jeopardy could be moved a few steps forward or backward without constitutional significance.

> \* \* \* \* \* \*

> In *Illinois v. Somerville*, [410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425], a case involving the application of the Double Jeopardy Clause through the Fourteenth Amendment, the Court said that "jeopardy 'attached' when the first jury was selected and sworn." Today we explicitly hold what *Somerville* assumed: The federal rule that jeopardy attaches when the jury is empaneled and sworn is an integral part of the constitutional guarantee against double jeopardy.

Whether the rule that jeopardy attaches at the moment the jury is sworn "is the product of historical accident", as stated by Mr. Justice Powell in his dissenting opinion in *Crist, id.,* at 40, 98 S.Ct., at 2163, it is now accepted as the critical point in both the federal and state courts. Absent definitive guidance from the Supreme Court, we decline to advance this established benchmark to the point of the jury selection, and, accordingly, the orders of the district court denying the appellants' pleas of double jeopardy are affirmed.

AFFIRMED.