STATE OF CONNECTICUT *v.* EDMUND J. PRICE
(13361)

PETERS, C. J., HEALEY, SHEA, GLASS and HULL, Js.

Argued June 2—decision released July 26, 1988

*Albert S. Bill, Jr.,* with whom, on the brief, was *Igor I. Sikorsky, Jr.,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, was *Michael Regan,* deputy assistant state's attorney, for the appellee (state).

PETERS, C. J. The dispositive issue in this appeal is whether the constitutional guarantee against double jeopardy precluded the trial that led to the conviction of the defendant, Edmund J. Price, of the crime of larceny in the sixth degree, as defined in General Statutes § 53a-125b.[1] We conclude that it did not, and therefore find no error.

The procedural history of the defendant's conviction is as follows. The defendant was arrested and charged with larceny in the sixth degree on April 13, 1987. A trial on this charge was originally scheduled for July 7, 1987, but it did not go forward on that day. After a jury had been selected, but before it had been sworn, the state informed the trial court, *O'Connor, J.*, of the unavailability of one of the state's key witnesses. Further inquiry disclosed that a key witness for the defense was about to undergo surgery and would be unavailable either the following day or for a significant period of time thereafter.

To resolve the issues raised by the overlapping unavailability of these crucial witnesses, the defendant orally moved that the jury be called in and sworn, and that the case be dismissed if the state found itself unable to go forward. The trial court denied this motion. When the defendant thereafter declined the opportunity to present his defense out of sequence, in advance of the presentation of the state's case, the court, having attempted to set a date certain for trial to begin, dismissed the jury. The defendant took an exception to the court's refusal to grant his motion to dismiss the case and also noted his exception to the continuance to the date designated. The defendant did not, however, inform the court that a postponed trial might violate his constitutional rights with respect to double jeopardy.

[1] "[General Statutes] Sec. 53a-125b. LARCENY IN THE SIXTH DEGREE: CLASS C MISDEMEANOR. (a) A person is guilty of larceny in the sixth degree

On November 9, 1987, the defendant was tried and convicted on the larceny charge. At no time during this trial did the defendant raise a defense of double jeopardy.[2]

In his appeal to this court, the defendant takes no issue with the conduct of the trial that led to his conviction except to maintain that it should not have been held at all. He relies on the provision of the fifth amendment to the United States constitution that declares: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The guarantee against double jeopardy applies to state as well as to federal criminal proceedings. *Benton* v. *Maryland,* 395 U.S. 784, 787, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). In our view, however, the defendant's conviction did not violate the constitutional guarantee against double jeopardy.

The defendant's invocation of the principles of double jeopardy faces two hurdles, one procedural and one substantive. As a matter of procedure, the question is whether the defendant has waived his constitutional claim of double jeopardy by his failure to raise this defense during the November 9, 1987 proceedings that led to his conviction. As a matter of substance, the ques-

---

when he commits larceny as defined in section 53a-119 and the value of the property or service is two hundred fifty dollars or less."

[2] At oral argument in this court, the defendant attributed his failure to raise a question about double jeopardy at his second trial to the inadvertence of his trial counsel. He has not sought to excuse his failure to obtain a trial court ruling by reference to the principles embodied either in *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), or in the plain error rule of Practice Book § 4185. Although these principles address the constitutional importance of assuring a fair trial, they would not assist this defendant because of the nature of a double jeopardy claim. Such a claim implicates the very power of the state to bring him into court, and thus "is collateral to, and separable from, the principal issue at the accused's impending criminal trial, i.e. whether or not the accused is guilty of the offense charged." *Abney* v. *United States,* 431 U.S. 651, 659, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977).

tion is whether the defendant was put into constitutional jeopardy by reason of the trial court proceedings of July 7, 1987, which were terminated before a jury had been sworn.

Whether a defendant may raise a defense of double jeopardy on appeal, when that issue was not raised at trial, is a question that this court addressed, and resolved against the defendant, in *State* v. *Jones,* 166 Conn. 620, 353 A.2d 764 (1974). There, as in this case, the defendant "proceeded to trial, verdict and judgment without raising [a double jeopardy] claim." Id., 630. We held that "in so doing he impliedly waived the defense of double jeopardy, and, therefore, that issue [was] not before us for determination on the merits." Id.

Our resolution of the issue of waiver in *State* v. *Jones,* supra, is in accord with the treatment of that issue in other jurisdictions. The United States Court of Appeals for the Second Circuit has repeatedly held that "[t]he constitutional immunity from double jeopardy is a personal right which, if not affirmatively pleaded by the defendant at the time of trial, will be regarded as waived." *United States* v. *Perez,* 565 F.2d 1227, 1232 (2d Cir. 1977); see also *Paul* v. *Henderson,* 698 F.2d 589, 592 (2d Cir. 1983). Other federal courts have expressed the same opinion. *United States* v. *Herzog,* 644 F.2d 713, 716 (8th Cir. 1981), cert. denied, 451 U.S. 1018, 101 S. Ct. 3008, 69 L. Ed. 2d 390 (1981); *United States* v. *Scott,* 464 F.2d 832, 833 (D.C. Cir. 1972); *United States* v. *Buonomo,* 441 F.2d 922, 924–25 (7th Cir.), cert. denied, 404 U.S. 845, 92 S. Ct. 146, 30 L. Ed. 2d 81 (1971). The Supreme Court of the United States has implied, in *United States* v. *Dinitz,* 424 U.S. 611, 609–10 n.11, 96 S. Ct. 1075, 47 L. Ed. 2d 267 (1976), that the guarantee against double jeopardy is not one of those constitutional rights whose waiver must meet the knowing, intelligent and voluntary standard set forth in *Johnson* v. *Zerbst,* 304 U.S.

458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). See C. Wright, Federal Practice and Procedure: Criminal 2d (1982) § 193, pp. 705–706.

It is therefore exceedingly doubtful that the defendant's belated double jeopardy claim is properly before us at this time. Its substantive merits are, if anything, even more doubtful. For jury trials, the Supreme Court of the United States has consistently subscribed to "the proposition that jeopardy attaches when the jury is empaneled and sworn." *Crist* v. *Bretz,* 437 U.S. 28, 35, 98 S. Ct. 2156, 57 L. Ed. 2d 24 (1978); see also *Downum* v. *United States,* 372 U.S. 734, 735–36, 83 S. Ct. 1033, 10 L. Ed. 2d 100 (1963). Of necessity, our cases have adopted this federal standard for Connecticut criminal proceedings. See, e.g., *State* v. *Van Sant,* 198 Conn. 369, 376, 503 A.2d 557 (1986); *State* v. *Curcio,* 191 Conn. 27, 35, 463 A.2d 566 (1983); *State* v. *Roy,* 182 Conn. 382, 385–86, 438 A.2d 128 (1980). Until the jury is both impaneled and sworn, jeopardy has not attached. *United States* v. *Fleming,* 667 F.2d 440, 441 (4th Cir. 1981), cert. denied, 455 U.S. 959, 102 S. Ct. 1473, 71 L. Ed. 2d 679 (1982); *United States* v. *Lurz,* 666 F.2d 69, 79 (4th Cir. 1981), cert. denied sub nom. *Magill* v. *United States,* 455 U.S. 1005, 102 S. Ct. 1642, 71 L. Ed. 2d 874 (1982); *United States* v. *Garcia,* 589 F.2d 249, 250–51 (5th Cir. 1979), cert. denied sub nom. *Munoz* v. *United States,* 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States* v. *Wedalowski,* 572 F.2d 69, 74 (2d Cir. 1978); *United States* v. *Green,* 556 F.2d 71, 72 (D.C. Cir. 1977); *Shaw* v. *State,* 239 Ga. 690, 692, 238 S.E.2d 434 (1977); *Godfrey* v. *State,* 177 Ind. App. 644, 646, 380 N.E.2d 621 (1978); *People* v. *Pribble,* 72 Mich. App. 219, 223, 249 N.W.2d 363 (1976). The defendant has cited no holdings to the contrary, and we have discovered none.[3] Were we to reach

---

[3] In light of this unbroken line of cases, we find it difficult to understand how counsel for the defendant could have stated, in his brief to this court,

the merits, therefore, the defendant's claim of double jeopardy would be entirely untenable, because at the time that the jury was discharged on July 7, 1987, it had only been impaneled but had not yet been sworn to try the case against him.

There is no error.

In this opinion the other justices concurred.

that the question of whether jeopardy attaches when a jury has been fully impaneled but not sworn was a novel issue, not previously decided by any "case of significance in this country."