[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
On November 13, 1992, the minor plaintiff, Aris Hall through his mother, Patricia Hall, and the plaintiff Patricia Hall, filed a five count medical malpractice action against the defendants, Mount Sinai Hospital ("Mt. Sinai") and Dr. Amal Das, seeking to recover for injuries allegedly sustained by the plaintiffs at the birth of Aris Hall. The plaintiffs allege that Aris Hall was not breathing when he was born and that as a result of the defendants' negligence in their care and treatment of the plaintiffs, Aris Hall suffered numerous serious injuries. CT Page 535
On November 19, 1992, defendant Mt. Sinai filed a motion to strike the third count of the revised complaint, in which plaintiff Patricia Hall alleges a claim for negligent infliction of emotional distress against Mt. Sinai, accompanied by a memorandum of law in support thereof. On December 7, 1992, plaintiff Patricia Hall filed an objection to the motion to strike, accompanied by a memorandum of law.
DISCUSSION
A motion to strike challenges the legal sufficiency of a pleading to state a claim upon which relief can be granted. Practice Book 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 358 (1985). A motion to strike admits all well pleaded facts and those facts necessarily implied from the allegations; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); Amodio v. Cunningham, 182 Conn. 80, 83 438 A.2d 6 (1980); but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., supra. The court must view the facts alleged in the pleading in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Mt. Sinai argues that Patricia Hall cannot state a claim under Connecticut law for emotional distress as a bystander in a medical malpractice case. Mt. Sinai further argues that Patricia Hall cannot state a cause of action for negligent infliction of emotional distress as a mother owed a duty arising out of the physician-patient relationship because she has not alleged a direct duty owed to her by Mt. Sinai by virtue of the physician-patient relationship.
Patricia Hall argues that she is not alleging a cause of action for bystander emotional distress. Patricia Hall further argues that she has sufficiently alleged that Mt. Sinai owed her a duty and thus has sufficiently alleged a cause of action for negligent infliction of emotional distress.
The Connecticut Supreme Court has held that a bystander may not recover for emotional disturbance resulting from malpractice upon another whom a bystander may have observed. Maloney v. Conroy, 208 Conn. 391, 397, 545 A.2d 1059 (1988). "However, a distinction is recognized between claims for bystander recovery and claims for negligent infliction of emotional distress based on the breach of a direct duty owed to the plaintiff-mother by CT Page 536 virtue of the physician-patient relationship." (Citations omitted.) Staar v. Merdinolu, 2 Conn. L. Rptr. 714 (November 1, 1990, Cioffi, J.); see Hyland v. State of Connecticut,7 CTLR 222, 223 (August 6, 1992, Aurigemma, J.); see also Rockford v. Hartford Hospital, 2 Conn. L. Rptr. 87, 88 (July 18, 1990, Hennessey, J.); Michaud v. Johnson, 4 CSCR 720 (August 16, 1989, Schaller, J.); Santilli v. Kharma, 2 CSCR 446 (March 27, 1987, Healey, J.); Martinez v. Bridgeport Hospital, 1 CSCR 568 (July 22, 1986, Spear, J.); Britton v. Borelli, 7 CLT No. 25, p. 11 (Super.Ct. June 5, 1981, Moraghan, J.). These courts have reasoned that "`to infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such circumstance . . . there are two within the zone of danger and the doctor owes a duty to each. . . .'" (Citation omitted.) Hyland v. State of Connecticut, supra, quoting Santilli v. Kharma, supra.
To sustain a cause of action for negligent infliction of emotional distress, the plaintiff must plead and prove that the "defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 345, 398 A.2d 1180 (1978); see Hyland v. State of Connecticut, supra.
In the third count of the revised complaint, Patricia Hall alleges that she "was admitted to Mt. Sinai Hospital for care and management of her labor and delivery." (Revised Complaint, Third Count, para. 3). Patricia Hall further alleges that "Mt. Sinai Hospital's agents and/or employees were negligent in their care and treatment of Patricia and Aris Hall" in a number of ways. (Emphasis added.) (Revised Complaint, Third Count, para. 6). Patricia Hall alleges that the "defendant's agents and/or employees knew or should have known that their conduct was likely to cause psychological, physiological and emotional distress to Patricia Hall," and that "[a]s a result of the negligence of the defendant's agents and/or employees, Patricia Hall has suffered and will suffer severe psychological, physiological and emotional distress." (Revised Complaint, Third Count, paras. 8, 9).
It is the opinion of the court that Patricia Hall's allegation that she was "admitted to Mt. Sinai for care and management of her labor and delivery" necessarily implies that CT Page 537 upon admitting her, Mt. Sinai assumed a direct duty to Patricia Hall to care for her in a reasonable manner. Accordingly, the court finds that Patricia Hall has sufficiently alleged the requisite elements of a cause of action for negligent infliction of emotional distress in the third count of the revised complaint and Mt. Sinai's motion to strike the third count should be and is denied.
Hale, J.