[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Sun Ok Pope appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license for a period of six months. The commissioner's decision was based on the plaintiff's alleged refusal to submit to a chemical test of the alcohol content of her blood and pursuant to General Statutes § 14-227b. The plaintiff's appeal is authorized by General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
In her briefs to the court, the plaintiff advances two arguments in support of her appeal: (1) that the commissioner's suspension of her license is barred by the doctrine of double jeopardy; and (2) that the evidence does not support the hearing officer's finding that the plaintiff refused to submit to a breath test.
The plaintiff never raised the double jeopardy issue at the administrative hearing nor did she raise it in her complaint on appeal. Instead, she raises it for the first time in a supplemental brief to the court. In a criminal case, when a person proceeds to trial, verdict, and judgment without raising a claim of double jeopardy, he or she is held to have waived the right to raise that defense. State v. Price, 208 Conn. 387 (1988). Our Supreme Court has also held that a person may waive constitutional rights in administrative cases by not asserting them during the administrative proceedings.Dragan v. Connecticut Medical Examining Board, 223 Conn. 618
(1992). Based on those authorities and on the fact CT Page 12084 that the plaintiff did not raise the defense of double jeopardy during the administrative proceedings in this case, the court holds that she waived her right to do so. Accordingly, the issue is not properly before the court. Even if it were before the court, however, the claim is of dubious merit. At the time of the administrative proceeding, the plaintiff apparently also faced a criminal charge of operating under the influence of alcohol in violation of General Statutes § 14-227a. She had not been tried or convicted of that charge, however. Instead, she applied for and was granted the alcohol education program, which is a pre-trial diversionary program culminating in the dismissal of criminal charges for those who successfully complete it. The plaintiff admits that the criminal charges in her case have been dismissed. She was not, therefore, ever subjected to any punishment based on those charges. Under these circumstances, she was not twice put in jeopardy for the same offense.
At the administrative hearing, the plaintiff appeared with counsel and testified. The police officer who arrested her and conducted the breath test also testified, and his written report was admitted in evidence without objection. The plaintiff's claim that there was insufficient evidence to support the finding that she refused the second test is based on her testimony at the hearing that she was willing but too physically weak to blow into the machine. The police officer testified that she claimed to be tired and refused to try to blow into it. His written report also states that the plaintiff refused the test, and this is affirmed by a witness who signed the report.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." If the administrative record contains substantial evidence upon which the hearing officer could reasonably have based his finding, the decision must be affirmed. Conn. Building Wrecking Co. v. Carrothers,218 Conn. 580, 601 (1991). "In challenging an administrative agency action; the plaintiff has the burden of proof . . . CT Page 12085 The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de novo, . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision . . . The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . ." (Citations omitted; internal quotation marks omitted.) Newtown v.Keeney, 234 Conn. 312, 319-320 (1995), quoting Samperi v.Inlands Wetlands Agency, 226 Conn. 579, 587-588
(1993).
In the present case, the plaintiff's testimony at the administrative hearing, as set forth in the transcript of that proceeding, was clearly and strongly supportive of her claim that she was unable, not unwilling, to take the second breath test. It may well be that a different factfinder might have credited her version of the incident rather than that of the police officer. In this case, however, the hearing officer duly designated by the commissioner of motor vehicles, believed that the police officer's version was the more credible. Indeed, the hearing officer's statement of subordinate findings makes clear that he decided the case on the basis of the police officer's testimony and report, "(plaintiff's) testimony notwithstanding." Under these circumstances and in accordance with the principles of administrative law summarized above, the court has no choice but to affirm the administrative decision.
The appeal is dismissed.
MALONEY, J.