## STATE OF CONNECTICUT *v.* JEFFREY CHACE
## (14640)

Foti, Lavery and Landau, Js.

Argued May 30—officially released September 24, 1996

*Michael A. Fitzpatrick*, for the appellant (defendant).

*Susann E. Gill*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *Linda N. Howe*, assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant, Jeffrey Chace, appeals from the judgment of conviction, rendered after a jury

trial, of assault in the first degree and assault in the second degree. The jury returned a verdict of guilty of two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and (3).[1] The trial court directed an acquittal on the assault charge filed under to § 53a-59 (a) (1) and directed a verdict of guilty of the lesser included offense of assault in the second degree under General Statutes § 53a-60 (a) (2).[2] The trial court sentenced the defendant to an effective sentence of twelve years, suspended after five years, followed by a five year probationary period. On appeal, the defendant claims that (1) the constitutional guarantee against double jeopardy precluded the retrial that led to his conviction, (2) his conviction was based on insufficient evidence, and (3) the trial court's failure to give a jury instruction deprived him of a unanimous verdict. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On the evening of July 3, 1991, the defendant approached the Can't Lose Cafe, a bar in Bridgeport. Upon seeing a fight involving several men, including the victims, taking place outside the bar, the defendant ran to his car to get a knife and returned to the fight. There, the defendant stabbed Sean Langan in the lower back. Sean Langan's brother, Mark Langan, then chased the defendant down a street. At some point, the defend-

---

[1] General Statutes § 53a-59 (a) provides in pertinent part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

[2] General Statutes § 53a-60 (a) provides in pertinent part: "A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person . . . ."

ant stopped running, turned and stabbed Mark Langan twice in the chest.

I

The defendant first claims that his retrial was barred by the double jeopardy clause of the fifth amendment to the United States constitution and by the constitution of Connecticut.

The following procedural history is necessary for the resolution of this claim. A trial on the assault charges began on May 2, 1994. After a jury had been sworn, the state called a witness whose testimony prompted the defendant to move for a mistrial. The trial court granted the motion and, at the retrial, the defendant was convicted of the assault charges. The defendant invokes the principle of double jeopardy for the first time on this appeal.

We conclude that this issue is controlled by our Supreme Court's decision in *State* v. *Price*, 208 Conn. 387, 544 A.2d 184 (1988). In *Price*, the court determined that where, as in this case, a defendant proceeds to trial, verdict and judgment without raising a double jeopardy claim, such failure is an implied waiver of the defense of double jeopardy. Id., 390. Thus, we need not consider the merits of this claim.

II

The defendant next claims that the state failed to disprove beyond a reasonable doubt that he was acting in self-defense when he stabbed the two victims. He contends that each victim threatened him with a baseball bat immediately before he stabbed them. In reviewing a sufficiency of the evidence claim, "we apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second,

we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Mejia*, 233 Conn. 215, 223, 658 A.2d 571 (1995).

A review of the record discloses that the evidence presented at the defendant's trial was sufficient to support the jury's finding beyond a reasonable doubt that the defendant was not acting in self-defense when he stabbed the two victims.

### III

The defendant last asserts that the trial court's failure to instruct the jury that it had to agree unanimously on which of the alternative ways the state had disproven the defendant's claim of self-defense deprived the defendant of a unanimous verdict. The defendant reasons that because a unanimous verdict requires "the jurors [to] agree on the factual basis of the offense"; *State* v. *McFadden*, 25 Conn. App. 171, 174, 593 A.2d 979, cert. denied, 220 Conn. 906, 593 A.2d 971 (1991); the jurors must also be unanimous on the factual basis for its rejection of a self-defense claim. The defendant concedes that this claim was not properly preserved at trial and seeks review under the *Evans-Golding*[3] doctrine.

The resolution of this issue is controlled by our Supreme Court's decision in *State* v. *Bailey*, 209 Conn. 322, 551 A.2d 1206 (1988). In *Bailey*, the court determined that the defendant's claim of a deprivation of her right to a unanimous verdict on her self-defense claim did not implicate a fundamental constitutional right. Id., 332. Because a defendant's claim must impli-

---

[3] See *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 526 (1973).

cate a fundamental constitutional right in order for us to review the claim under *Evans-Golding*, we need not address the merits of this issue.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

[4] Even if we were to review the merits of the defendant's claim, "[a]s in *Bailey*, the defendant here is unable to provide us with any authority for the proposition that a unanimity instruction was required as to the factual basis for the jury's rejection of his self-defense claim . . . ." *State* v. *Diggs*, 219 Conn. 295, 302, 592 A.2d 949 (1991).