## STATE OF CONNECTICUT *v.* KEITH BELCHER
## (AC 18053)

Foti, Schaller and Daly, Js.

Argued September 22—officially released November 24, 1998

*Robert G. Golger*, special public defender, with whom, on the brief, was *Howard T. Owens, Jr.*, for the appellant (defendant).

*Frederick W. Fawcett*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Corree Santillo*, legal intern, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Keith Belcher, appeals from the judgment of conviction, rendered after a jury trial, of two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (B),[1] two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1),[2] one count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2),[3] one count of burglary in the first degree in violation of General Statutes § 53a-101 (a)

---

[1] General Statutes § 53a-92 (a) provides in relevant part: "A person is guilty of kidnapping in the first degree when he abducts another person and . . . (2) he restrains the person abducted with intent to . . . (B) accomplish or advance the commission of a felony . . . ."

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[3] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery . . . or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon . . . ."

(1)[4] and one count of attempted sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2)[5] and 53a-70 (a) (1). The sole issue on appeal is whether he was twice put in jeopardy in violation of the federal[6] and state[7] constitutions by virtue of being subjected to an evidentiary transfer hearing in the Superior Court for juvenile matters prior to being tried as an adult in the Superior Court. We hold that the defendant waived his constitutional right against double jeopardy and, therefore, affirm the judgment.

The defendant was fourteen years of age when, on December 24, 1993, he and a companion approached the victim in front of her apartment in Bridgeport. The victim was unloading groceries from her car when the defendant approached her from behind, pulled out a gun and demanded that she give him her purse. When she informed the defendant that the purse was upstairs, he dragged her up to the apartment to retrieve it, all the time holding the gun on her.

Once inside, the victim gave the defendant her purse, which the defendant threw down the stairs to his com-

[4] General Statutes § 53a-101 (a) provides in relevant part: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and: (1) He is armed with explosives or a deadly weapon or dangerous instrument . . . ."

[5] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[6] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const., amend. V.

[7] "Although the Connecticut constitution does not include a specific double jeopardy provision, the due process guarantee of article first, § 9, of our state constitution has been held to encompass protection against double jeopardy." (Internal quotation marks omitted.) *State* v. *Morris*, 49 Conn. App. 409, 418, 716 A.2d 897, cert. denied, 247 Conn. 904, 720 A.2d 516 (1998).

panion. The victim asked the defendant to leave, but instead he forced the victim to perform oral sex on him. The defendant then forcibly dragged the victim through her apartment to a spare bedroom, where he again forced her to perform oral sex on him. The defendant subsequently hit the victim with the gun, leaving a severe laceration on her head. The defendant left when his companion called to him that it was time to go. After the defendant and his companion left, the victim called 911 for assistance. The police and ambulance arrived shortly thereafter. She was transported to St. Vincent's Hospital, where she was treated and released. When she returned home, she discovered that some items of jewelry were missing.

On December 27, 1993, the victim identified the defendant from police photographs. The defendant was later arrested. Following the defendant's arrest, the state filed a petition to adjudicate the defendant as a delinquent. The state then filed a motion to transfer the defendant from the docket for juvenile matters to the regular criminal docket of the Superior Court. The court for juvenile matters held a hearing pursuant to General Statutes (Rev. to 1995) § 46b-126 (a)[8] (repealed by Pub-

---

[8] General Statutes (Rev. to 1995) § 46b-126 (a) provides in relevant part: "Except as otherwise provided in section 46b-127, the court may hold a transfer hearing to determine whether it is appropriate to transfer and may transfer from the docket for juvenile matters to the regular criminal docket of the superior court any child referred for the commission of a class A felony, other than murder, or for any serious juvenile offense designated as a class B or C felony if such child has previously been adjudicated a delinquent for a serious juvenile offense, as defined in section 46b-120, provided such child has attained the age of fourteen years at the time the alleged delinquent act was committed. If the child is or has been under the custody of the commissioner of children and families, the commissioner shall provide any relevant information concerning the amenability of the child to treatment for use at the transfer hearing. No such transfer shall be valid unless, prior thereto, the court has made written findings after a hearing, that there is probable cause to believe that (1) the child has committed the act for which he is charged; (2) the child is not amenable to treatment in any institution or state agency or other available facility designed for the

lic Acts 1995, No. 95-225, § 39). After the hearing, which took place in two stages, a probable cause hearing and a hearing on amenability to treatment, the defendant was transferred to the regular criminal docket of the Superior Court. The defendant took no appeal from the transfer order as authorized by § 46b-126.[9] The state filed an information charging the defendant with two counts of kidnapping in the first degree, two counts of sexual assault in the first degree, attempted sexual assault in the first degree, robbery in the first degree and burglary in the first degree. The defendant was convicted on all seven counts.

This appeal stems not from any actions at trial, but from those at the transfer hearing. The defendant claims for the first time on appeal that he was subjected to double jeopardy because at the transfer hearing he was adjudicated not amenable to treatment in a juvenile facility and a danger to society.

The law regarding double jeopardy is clear. "Whether a defendant may raise a defense of double jeopardy on appeal, when that issue was not raised at trial, is a

care and treatment of children to which said court may effect placement of such child which is suitable for his care or treatment; and (3) the prior adjudications of the child, together with the serious and dangerous nature of the acts and the physical, mental and emotional history and condition of the child, are such that the child is a danger to society and requires more secure and longer term handling than the juvenile justice system is able to provide and the institutions to which said court may sentence a defendant sixteen years of age or over are more suitable for the care and treatment of such child. . . . An order by the court under this section transferring a child from the docket for juvenile matters to the regular criminal docket of the superior court shall be a final judgment for purposes of appeal. . . ."

[9] The state argues that defendant's failure to appeal directly from the transfer order acts as a waiver to this appeal. The defendant concedes that no direct appeal was taken. The defendant, however, claims that this court can hear his appeal pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). Because the defendant waived his claim of double jeopardy at trial, we do not reach the issue of whether the defendant waived his right to a direct appeal on this issue, and we will not review the issue under *Golding*.

question that [our Supreme Court] addressed, and resolved against the defendant in *State* v. *Jones*, 166 Conn. 620, 353 A.2d 764 (1974). There, as in [*State* v. *Price*, 208 Conn. 387, 544, A.2d 184 (1988)] the defendant 'proceeded to trial, verdict and judgment without raising [a double jeopardy] claim.' [*State* v. *Jones*, supra], 630. [Our Supreme Court] held that 'in so doing he impliedly waived the defense of double jeopardy, and, therefore, that issue [was] not before [the court] for determination on the merits.' Id." *State* v. *Price*, supra, 390.

"Our [Supreme Court's] resolution of the issue of waiver in *State* v. *Jones*, supra, [166 Conn. 620] is in accord with the treatment of that issue in other jurisdictions. The United States Court of Appeals for the Second Circuit has repeatedly held that '[t]he constitutional immunity from double jeopardy is a personal right which, if not affirmatively pleaded by the defendant at the time of trial, will be regarded as waived.' *United States* v. *Perez*, 565 F.2d 1227, 1232 (2d Cir. 1977); see also *Paul* v. *Henderson*, 698 F.2d 589, 592 (2d Cir.) [cert. denied, 464 U.S. 835, 104 S. Ct. 120, 78 L. Ed. 2d 118 (1983)]." *State* v. *Price*, supra, 208 Conn. 390. This court recently followed *Price* in *State* v. *Chace*, 43 Conn. App. 205, 207, 682 A.2d 143 (1996), and in *State* v. *Connelly*, 46 Conn. App. 486, 497–98, 700 A.2d 694 (1997), cert. denied, 244 Conn. 907, 908, 713 A.2d 829, cert. denied, 525 U.S. 907, 119 S. Ct. 245, 142 L. Ed. 2d 201 (1998).

In this case, after thoroughly reviewing the briefs, record and transcripts from the proceedings in the trial court, we find no indication that the defendant raised the issue of double jeopardy prior to this appeal. The claim, therefore, was not properly preserved. Double jeopardy " 'is collateral to, and separable from, the principal issue at the accused's impending criminal trial, i.e., whether or not the accused is guilty of the offense charged.' *Abney* v. *United States*, 431 U.S. 651, 659, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977)." *State* v. *Price*, supra, 208 Conn. 389 n.2. A claim of double jeopardy,

when properly employed, will bring the criminal proceedings to a halt. Once a defendant proceeds to trial on the regular criminal docket, is convicted and judgment is rendered, his double jeopardy claim is considered waived. Because the defendant neither appealed the transfer order nor raised his double jeopardy claim at any time prior to proceeding on appeal, the claim is not properly before us.

Were we to find his claim properly preserved, however, and to reach the merits, the defendant's claim of double jeopardy would be highly untenable. See *State v. Price*, supra, 208 Conn. 391–92.[10] The defendant relies primarily on two cases, *Breed* v. *Jones*, 421 U.S. 519, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975), and *Rios* v. *Chavez*, 620 F.2d 702 (9th Cir. 1980), for the proposition that he was subjected to an adjudication at the transfer hearing. The defendant claims that this adjudication, in conjunction with his later trial, violated his right against double jeopardy. We disagree.

Both *Breed* and *Rios* involved transfer hearings under former California Welfare and Institutions Code § 602, which provided: "Any person under the age of 21 years *who violates any law of this state* or of the United States . . . or who, after having been found by the juvenile court to be a person described by Section 601, fails to obey any lawful order of the juvenile court, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court." (Emphasis in original; internal quotation marks omitted.) *Rios* v. *Chavez*, supra, 620 F.2d 704.

In *Breed*, the defendant was subjected to an adjudicatory hearing because he was found to have violated the

---

[10] The fifth amendment to the United States constitution, which protects against double jeopardy, applies to the states through the fourteenth amendment. *Benton* v. *Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). Furthermore, the constitutional guaranty against double jeopardy applies to juvenile proceedings. See *In re Gault*, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967).

criminal statutes and was adjudicated a delinquent by the juvenile court prior to being transferred to the adult criminal docket. *Breed* v. *Jones*, supra, 421 U.S. 520–21. After the transfer hearing, the defendant filed a petition for a writ of habeas corpus in the juvenile court. That petition was denied. The defendant then filed another habeas petition with the California Court of Appeal, which denied the petition. The defendant was then tried and convicted.[11] The defendant subsequently filed a petition for a writ of habeas corpus in the United States District Court for the Central District of California. Unlike the defendant in the present case, the defendant in *Breed* preserved his constitutional right against double jeopardy. In *Breed*, the United States Supreme Court held that the California statutory scheme placed the defendant in double jeopardy because of the nature of the juvenile hearing. A juvenile in California would first have to be found to have committed the acts charged prior to his transfer to the adult court.

In *Rios* v. *Chavez*, supra, 620 F.2d 702, the defendant was also subjected to a hearing under the same California statute. The defendant was transferred to the adult docket and convicted of robbery and murder. The decision by the United States Court of Appeals for the Ninth Circuit came after the Supreme Court's decision in *Breed* v. *Jones*, supra, 421 U.S. 519. The Ninth Circuit held that jeopardy attached to *Rios* at the transfer hearing. The Ninth Circuit was faced with a situation that paralleled the facts of *Breed*. On the basis of the factual similarities between *Breed* and *Rios*, the Ninth Circuit determined that *Breed* applied and reversed Rios' conviction.

The situation before us is distinguishable from the California statutory scheme that was before the Supreme Court in *Breed* v. *Jones*, supra, 421 U.S. 519.

---

[11] The defendant in *Breed* did not appeal from his conviction. The appeal was limited to his double jeopardy claim.

In this case, § 46b-126 (a) did not require the trial court to determine that the juvenile violated any statutes. Moreover, the statute required only that the court find that probable cause existed to believe that the juvenile had committed the acts with which he was charged. The defendant argues that he was "exposed to the risk of being charged as a juvenile." That argument is without merit. The statute does not allow for such a finding, and nothing in the trial court's memorandum of decision leads us to believe that the court attempted to make such a finding. The fact that evidence was heard to determine whether probable cause existed to believe that the defendant was the person who had committed the alleged crimes does not change our decision.

The defendant further argues that the trial court's finding that he was not amenable to treatment and a danger to society deprived him of his right to be tried as a juvenile. As the state pointed out at oral argument, there is no constitutional right to be treated as a juvenile; the right is statutory. See General Statutes §§ 46b-120 et seq. The trial court's determination that the defendant was not amenable to treatment was made for the sole purpose of determining whether the juvenile system could adequately treat and rehabilitate him. The evidence indicated that it could not. Therefore, the trial court did as the statute directed and transferred the defendant to the regular criminal docket of the Superior Court.

"While it cannot be denied that the transfer hearing is a critically important proceeding . . . [s]uch a hearing does not result in a determination of delinquency . . . does not result in a determination of guilt as may a criminal trial; and does not directly result in confinement or other punishment as may both a delinquency hearing and a criminal proceeding. . . . If the proceedings under consideration were an adjudicatory hearing which could result in a determination that the defendant was guilty of a crime or was a delinquent, we would

face a different issue. We are here concerned with a transfer hearing, which has as its *only purpose* the determination of . . . use of one of two possible forums—the juvenile court or the superior court— which will then hold the adjudicatory hearing." (Emphasis added; internal quotation marks omitted.) *In re Ralph M.*, 211 Conn. 289, 308, 559 A.2d 179 (1989). The juvenile court did not adjudicate the defendant delinquent or determine that he had violated the statutes with which he was charged. Therefore, the defendant was not placed in jeopardy twice.

The judgment is affirmed.

In this opinion the other judges concurred.