KEITH BELCHER *v.* STATE OF CONNECTICUT
(AC 26526)

Schaller, DiPentima and McLachlan, Js.

---

Argued October 10, 2006—officially released January 30, 2007

*Gary A. Mastronardi*, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Keith Belcher, appeals from the judgment of the trial court denying his petition for a new trial. On appeal, the petitioner claims that the court improperly found that it was not likely that newly discovered evidence, if presented at a new trial, would have produced a different result. We subsequently learned that the trial judge who denied the petition for a new trial had appeared as counsel on a brief filed on behalf of the petitioner in the direct appeal

from his conviction. We instructed the parties to file simultaneous supplemental briefs on the following issues: (1) Whether the trial judge's representation of the petitioner in his direct appeal and subsequent adjudication of the petition for a new trial constituted plain error; and (2) if the trial judge's adjudication of the petition under these circumstances constituted plain error, did the petitioner implicitly consent or waive any claim pertaining to the trial judge's adjudication of the petition for a new trial? We agree with the parties that the trial judge's adjudication of the petition for a new trial constituted plain error, and therefore we reverse the judgment of the trial court and remand the case for a new hearing on the petition.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. On October 30, 1996, the jury found the petitioner guilty of two counts each of kidnapping in the first degree and sexual assault in the first degree, and one count each of robbery in the first degree, attempt to commit sexual assault in the first degree and burglary in the first degree. We affirmed his conviction on direct appeal. See *State* v. *Belcher*, 51 Conn. App. 117, 721 A.2d 899 (1998).

In that case, we set forth the following relevant facts: "The [petitioner] was fourteen years of age when, on December 24, 1993, he and a companion approached the victim[1] in front of her apartment in Bridgeport. The victim was unloading groceries from her car when the [petitioner] approached her from behind, pulled out a gun and demanded that she give him her purse. When she informed the [petitioner] that the purse was upstairs, he dragged her up to the apartment to retrieve it, all the time holding the gun on her.

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

"Once inside, the victim gave the [petitioner] her purse, which the [petitioner] threw down the stairs to his companion. The victim asked the [petitioner] to leave, but instead he forced the victim to perform oral sex on him. The [petitioner] then forcibly dragged the victim through her apartment to a spare bedroom, where he again forced her to perform oral sex on him. The [petitioner] subsequently hit the victim with the gun, leaving a severe laceration on her head. The [petitioner] left when his companion called to him that it was time to go. After the [petitioner] and his companion left, the victim called 911 for assistance. The police and ambulance arrived shortly thereafter. She was transported to St. Vincent's Hospital where she was treated and released. When she returned home, she discovered that some items of jewelry were missing." Id., 119–20.

In October, 1999, the petitioner initiated the present action by filing a petition for a new trial pursuant to General Statutes § 52-270 and Practice Book § 42-55. The petitioner alleged that he discovered material evidence in his favor that had been unavailable before or during the trial. Specifically, he claimed that William O. Shells, the other participant in the robbery, would testify that a third individual, Samuel Clark, had participated in the criminal activity and was in fact the victim's assailant. Shells had not testified at the petitioner's criminal trial. The petitioner also contended that Sandra Budnick, who also was robbed on December 24, 1993, would testify that she was robbed by three individuals. According to the petitioner, Budnick's testimony would bolster the claim of three rather than two assailants. After an evidentiary hearing held on September 2, 2004, the court denied the petition for a new trial. Specifically, the court found that, even assuming that Shells' willingness to testify constituted newly discovered evidence,[2]

---

[2] The respondent, the state, argues in its brief that Shells' willingness to testify did not constitute newly discovered evidence. In light of our conclusion that the trial court did not abuse its discretion by finding that this

such testimony was not sufficiently credible, and therefore the petitioner had failed to carry his burden of proof.[3] This appeal followed.[4]

After the panel of judges on this appeal had approved the written opinion, and while it was being prepared for publication, it was discovered that the trial judge who had denied the petition, prior to his appointment as a judge of the Superior Court, had represented the petitioner in the direct appeal from his criminal conviction. Specifically, we noted that the trial judge's name appeared as counsel on the petitioner's appellate brief on direct appeal. Because it appeared that neither the parties nor the court were aware of this issue, we requested simultaneous supplemental briefs.

Prior to our request for supplemental briefs, our Supreme Court issued its opinion in *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 911 A.2d 712 (2006). In that case, the petitioner learned that the judge who had dismissed his habeas petition previously had represented him with respect to a plea negotiation for a

---

evidence, if presented at a new trial, would not have produced a different result, we need not address this argument.

[3] A petition for a new trial is a civil action, and the petitioner bears the burden of proving, by a preponderance of the evidence, that a new trial is warranted. *Seebeck* v. *State*, 246 Conn. 514, 545, 717 A.2d 1161 (1998); see also *Lombardo* v. *State*, 172 Conn. 385, 390–91, 374 A.2d 1065 (1977).

[4] General Statutes § 54-95 (a) provides: "No appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or the Appellate Court."

Our Supreme Court has held that the failure to seek certification to appeal does not deprive an appellate tribunal of subject matter jurisdiction, but nevertheless, such an appeal should be dismissed. *Santiago* v. *State*, 261 Conn. 533, 534, 804 A.2d 801 (2002).

In the present case, the petitioner failed to seek certification as required by § 54-95 (a). We ordered, sua sponte, the parties to show cause why the appeal should not be dismissed. The petitioner then filed a motion for certification to appeal, which the trial court granted nunc pro tunc on November 9, 2005. The petitioner's appeal, therefore, is properly before us.

conviction related to his present habeas petition. Id., 522–23. Our Supreme Court concluded that the trial judge's failure to disqualify himself constituted plain error, even though the judge was unaware of the prior representation. Id., 528–29.

In response to our request for supplemental briefs, the parties filed a joint stipulation. They agreed that the trial judge's adjudication of the petition for a new trial constituted plain error and that his order denying the petition should be reversed and the case remanded for further proceedings.[5]

In view of our Supreme Court's decision in *Ajadi*, we agree with the parties that the trial judge's adjudication of the petition for a new trial constituted plain error. Although the parties did not address the issue of waiver, the respondent, the state, has conceded that a remand for a new hearing is the appropriate remedy.[6]

The judgment denying the petition for a new trial is reversed and the case is remanded for a new hearing on that petition.

In this opinion the other judges concurred.

[5] The joint stipulation provides in relevant part that the judgment denying the petitioner for a new trial should be reversed and the case remanded "for a new trial." In our view, this is not the proper remedy and appears to reflect an oversight by the parties. We conclude that the appropriate course of action is for the case to be remanded and the court to conduct a new hearing on the petition for a new trial.

